# EXHIBIT A

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM ANOTHER JURISDICTION

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

---

1.    **Style of the Case:**
       Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
attorney(s) of record for each party named and include their bar number, firm name, correct mailing
address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|---|---|---|
| O.W. | Plaintiff | Jesse M. Showalter, State Bar # 026628<br>Lauren E. Channel, State Bar # 033484<br>ROBBINS CURTIN MILLEA & SHOWALTER, LLC<br>301 East Bethany Home, #B-100<br>Phoenix, Arizona 85012<br>jesse@rcmslaw.com<br>lauren@rcmslaw.com<br>Phone #: 602-400-4400 |
| State of Arizona | Defendant | Mark D. Lammers, State Bar # 010335<br>Zoey Kotzambasis, State Bar # 034607<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>mdlammers@rllaz.com<br>zkotzambasis@rllaz.com<br>Phone #: 520-792-4800 |
| Ryan Thornell | Defendant | Mark D. Lammers, State Bar # 010335<br>Zoey Kotzambasis, State Bar # 034607<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>mdlammers@rllaz.com<br>zkotzambasis@rllaz.com<br>Phone #: 520-792-4800 |

2.    **Jury Demand:**
       Was a Jury Demand made in another jurisdiction?     Yes  ⦿     No  ◯
       If "Yes," by which party and on what date?
       Plaintiff
                                             09/27/2024

3.    **Answer:**
       Was an Answer made in another jurisdiction?     Yes  ◯     No  ⦿
       If "Yes," by which party and on what date?

**4.**    **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
| State of Arizona/Ryann Thornell | 12/17/2024 | Process server |
| Trinity Services Group Inc. | 12/17/2024 | Process server |
| T K C Holdings Inc. | 12/17/2024 | Process server |

**5.**    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
| N/A | |
| | |
| | |

**6.**    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
| N/A | |
| | |
| | |

**7.**    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|-------|--------|
| Plaintiff | Violation of the Fourteenth Amnedment rights |
| | |
| | |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

1. **Cont. Style of the Case:**

| Party | Party Type | Attorney(s) |
|---|---|---|
| Christopher Josefowicz | Defendant | Mark D. Lammers, State Bar # 010335<br>Zoey Kotzambasis, State Bar # 034607<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>mdlammers@rllaz.com<br>zkotzambasis@rllaz.com<br>Phone #: 520-792-4800 |
| Kaylan Nasta | Defendant | Mark D. Lammers, State Bar # 010335<br>Zoey Kotzambasis, State Bar # 034607<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>mdlammers@rllaz.com<br>zkotzambasis@rllaz.com<br>Phone #: 520-792-4800 |
| Talon Hanks | Defendant | Mark D. Lammers, State Bar # 010335<br>Zoey Kotzambasis, State Bar # 034607<br>Rusing Lopez & Lizardi, P.L.L.C.<br>6363 North Swan Road, Suite 151<br>Tucson, Arizona 85718<br>mdlammers@rllaz.com<br>zkotzambasis@rllaz.com<br>Phone #: 520-792-4800 |
| TKC Holdings Inc. | Defendant | Shawn Oller<br>Littler Mendelson P.C.<br>Camelback Esplanade<br>2425 East Camelback Road, Suite 900<br>Phoenix, AZ 85016<br>soller@littler.com<br>Phone: (602) 474-3608 |
| Trinity Services Group Inc. | Defendant | Shawn Oller<br>Littler Mendelson P.C.<br>Camelback Esplanade<br>2425 East Camelback Road, Suite 900<br>Phoenix, AZ 85016<br>soller@littler.com |

|  |  | Phone: (602) 474-3608 |
|--|--|-----------------------|

**4. <u>Cont. Served Parties:</u>**

| <u>Party</u> | <u>Date Served</u> | <u>Method of Service</u> |
|--------------|--------------------|--------------------------|
| Talon Hanks | 12/18/2024 | Process server |
| Christopher Josefowicz | 12/19/2024 | Process server |
| Kaylan Nasta | 12/20/2024 | Process server |

# EXHIBIT B

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2024-027267 | Judge: | Gordon, Michael |
| File Date: | 9/27/2024 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| O W | Plaintiff | Female | Jesse Showalter |
| State Of Arizona | Defendant | | Pro Per |
| Ryan Thornell | Defendant | Male | Pro Per |
| Christopher Josefowicz | Defendant | Male | Pro Per |
| Kaylan Nasta | Defendant | Female | Pro Per |
| Talon Hanks | Defendant | Male | Pro Per |
| T K C Holdings Inc | Defendant | | Pro Per |
| Trinity Services Group Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 12/31/2024 | AFS - Affidavit Of Service | 12/31/2024 | |
| **NOTE:** | Affidavit of Service / CHRISTOPHER JOSEFOWICZ | | |
| 12/20/2024 | AFS - Affidavit Of Service | 12/23/2024 | |
| **NOTE:** | Affidavit of Service / KAYLAN NASTA | | |
| 12/19/2024 | AFS - Affidavit Of Service | 12/23/2024 | |
| **NOTE:** | TRINITY SERVICES GROUP INC | | |
| 12/19/2024 | AFS - Affidavit Of Service | 12/26/2024 | |
| **NOTE:** | CERTIFICATE OF SERVICE BY A PRIVATE PERSON / STATE OF ARIZONA | | |
| 12/19/2024 | AFS - Affidavit Of Service | 12/26/2024 | |
| **NOTE:** | | | |
| CERTIFICATE OF SERVICE BY A PRIVATE PERSON / RYAN THORNELL, ARIZONA DEPARTMET OF CORRECTIONS REHABILITATION & REENTRY | | | |
| 12/19/2024 | AFS - Affidavit Of Service | 12/19/2024 | |
| **NOTE:** | Affidavit of Service / TALON HANKS | | |
| 12/19/2024 | AFS - Affidavit Of Service | 12/19/2024 | |
| **NOTE:** | Affidavit of Service / Christopher Josefowicz | | |
| 12/13/2024 | AMC - Amended Complaint | 12/16/2024 | |
| **NOTE:** | FIRST AMENDED COMPLAINT | | |
| 12/4/2024 | 322 - ME: Notice Of Intent To Dismiss | 12/4/2024 | |
| 9/27/2024 | COM - Complaint | 9/30/2024 | |
| **NOTE:** | Complaint | | |
| 9/27/2024 | CSH - Coversheet | 9/30/2024 | |
| **NOTE:** | Civil Cover Sheet | | |
| 9/27/2024 | CCN - Cert Arbitration - Not Subject | 9/30/2024 | |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |
| 9/27/2024 | SUM - Summons | 9/30/2024 | |
| **NOTE:** | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|------|-------------------|--------|-----------|------|--------|
| **No records found.** | | | | | |

# EXHIBIT C

Clerk of the Superior Court
*** Electronically Filed ***
L. Sanchez, Deputy
12/13/2024 3:25:27 PM
Filing ID 19011361

1  Jesse M. Showalter, Esq. (026628)
2  Lauren E. Channell, Esq. (033484)
   **ROBBINS CURTIN MILLEA & SHOWALTER, LLC**
3  301 East Bethany Home, #B-100
   Phoenix, Arizona 85012
4  Tel: 602-400-4400
5  Fax: 602-265-0267
   jesse@rcmslaw.com
6  lauren@rcmslaw.com
7  *Attorneys for Plaintiff*

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF MARICOPA**

10  **O.W.**, an individual,                    Case No. CV2024-027267

11              Plaintiff,                       **FIRST AMENDED COMPLAINT**

12      vs.                                      (Rule 26.2 Discovery Tier III)

13                                               (Jury Trial Requested)
    **State of Arizona**, a body politic; **Ryan**
14  **Thornell**, an individual, on his own behalf
    and on behalf of his marital community;
15  **Christopher Josefowicz**, an individual, on
    his own behalf and on behalf of his marital
16  community; **Kaylan Nasta**, an individual, on
    her own behalf and on behalf of her marital
17  community; **Talon Hanks**, an individual, on
    his own behalf and on behalf of his marital
18  community; **TKC Holdings, Inc.**, a Missouri
    corporation; **Trinity Services Group, Inc.**, a
19  Florida corporation; and **John and Jane Does**
20  **1-40**,

21              Defendants.

22

23

24          Plaintiff O.W. complains against Defendants and alleges as follows:

25                              <u>**PARTIES**</u>

26      1.      Plaintiff O.W. is a resident of the State of Arizona. Due to the nature of the

27  claims made herein, Plaintiff is being identified by her initials.

28

**ROBBINS CURTIN MILLEA & SHOWALTER, LLC**
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ◆ Fax:  (602) 265-0267

1

2.    Plaintiff, at all relevant times, worked as a civilian kitchen worker in the Rincon Unit of Arizona State Prison Complex ("ASPC") – Tucson and was an employee of Trinity Services Group, Inc. and TKC Holdings, Inc.

3.    Defendant State of Arizona is a governmental entity organized under the Constitution of the United States. Its subdivisions or agencies include the Arizona Department of Corrections, Rehabilitation and Reentry ("ADC").

4.    Defendant Ryan Thornell is a resident of the State of Arizona. At all times alleged herein, Defendant Thornell was the Director of ADCRR and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983 and was a final policymaker for making and enforcing official policies at ASPC-Tucson, including the Rincon Unit.

5.    Defendant Christopher Josefowicz is a resident of the State of Arizona. At all times alleged herein, Defendant Josefowicz was employed by Defendant State of Arizona as the Warden for ASPC-Tucson and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983 and was a final policymaker responsible for making and enforcing official policies at ASPC-Tucson, including the Rincon Unit.

6.    Defendant Kaylan Nasta is a resident of the State of Arizona. At all times alleged herein, Defendant Nasta was employed by Defendant State of Arizona as a corporal and was acting within the course and scope of her employment and under the color of state law. She is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

7.    Defendant Talon Hanks is a resident of the State of Arizona. At all times alleged herein, Defendant Hanks was employed by Defendant State of Arizona as a corrections officer and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

2

8.      Defendant TKC Holdings, Inc. ("TKC Holdings") is a Missouri for-profit corporation doing business in the State of Arizona. Defendant TKC Holdings, at all times alleged herein, is and was a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.

9.      Defendant Trinity Services Group, Inc. ("Trinity") is a Florida for-profit corporation doing business in the State of Arizona and is a subsidiary of Defendant TKC Holdings. Defendant Trinity, at all times alleged herein, is and was a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.

10.     John and Jane Does 1 through 40 are certain unknown ADC employees, corrections officers, shift commanders, sergeants, lieutenants, captains, and/or deputy wardens who through their own actions or inactions have caused or assisted others in causing the incidents and resulting harm set forth below. The identities of these individuals have not yet been ascertained but they are well known by Defendants. Plaintiff will amend her complaint to allege the true names and capacities of the various Doe Defendants when they are learned. At all times alleged herein, the Doe Defendants were employed by Defendant State of Arizona and were acting within the course and scope of their employment and under the color of state law. The Doe Defendants were, and are, "state actors" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

11.     At all times alleged herein, Defendant State of Arizona contracted with Defendant Trinity Services Group, Inc., to provide inmate food and commissary services within the Arizona prison systems and exercised control over the areas in which employees of Trinity/TKC Holdings were required to work. This work regularly included direct contact with inmates who were under the supervision and control of ADC employees.

12.     Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, Defendants State of Arizona, Trinity, and TKC are vicariously liable for the acts and omissions of their employees with supervisory authority.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,· Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

3

13.    For purposes of Plaintiff's state law claims, Defendant State of Arizona is vicariously liable for the acts and omissions of its employees acting within the scope of their employment, including Defendants Thornell, Josefowicz, Nasta, Hanks, John and Jane Does 1-40, and other ADOC officers and employees, and the actions of ADC in the aggregate.

14.    Pursuant to A.R.S. § 31-201.01(F), any and all causes of action which may arise out of tort caused by the director, prison officers, or employees of ADOC, run only against the State. *See Rourk v. State*, 170 Ariz. 6, 13, 821 P.2d 273, 280 (Ct. App. 1991) (holding that the State of Arizona can be held liable for gross negligence of employees acting in the aggregate).

## JURISDICTION AND VENUE

15.    The amount in controversy exceeds the jurisdictional threshold of the Court.

16.    This Court has jurisdiction over Plaintiff's claims and venue is proper in the Superior Court in and for Maricopa County.

17.    As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim on Defendant State of Arizona on March 22, 2024. Defendant State of Arizona did not respond to the notice of claim. The notice of claim complied in all ways with A.R.S. § 12-821.01, was timely served, and is deemed denied by operation of statute.

18.    On or about July 2, 2024, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Trinity Services Group, Inc. The EEOC issued a Notice of Right to Sue on July 11, 2024, and Plaintiff commenced this action within ninety (90) days of receipt of said notice.

19.    On or about July 2, 2024, Plaintiff timely filed a charge of discrimination with the EEOC against Defendant TKC Holdings, Inc. The EEOC issued a Notice of Right to Sue on July 11, 2024, and Plaintiff commenced this action within ninety (90) days of receipt of said notice.

20.    On or about July 2, 2024, Plaintiff timely filed a charge of discrimination with the EEOC against Defendant State of Arizona. The U.S. Department of Justice issued a Notice of Right to Sue on November 14, 2024, and Plaintiff filed this First Amended

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:  (602) 265-0267

4

1    Complaint within ninety (90) days of receipt of said notice.

2        21.    All conditions precedent to the institution of this suit have been fulfilled, and

3    Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

4                    **RULE 26.2 TIER DESIGNATION**

5        22.    Pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure, Plaintiff

6    designates this case for Tier III discovery.

7                    **DEMAND FOR JURY TRIAL**

8        23.    Plaintiff demands a jury trial as to all triable issues.

9                    **GENERAL ALLEGATIONS**

10            **Persistent Staffing Issues within ADC and Rincon Unit**

11        24.    Within ADC, inmates are classified according to their anticipated risk within

12    the institution. ADC promulgates formal department orders, post orders, and other formal

13    policies and procedures for classifying inmates. These scores range from 1 to 5 with 5 being

14    the highest security risk.

15        25.    ASPC-Tucson is the largest ADC prison complex.

16        26.    Rincon Unit is a unit within ASPC-Tucson.

17        27.    Rincon Unit houses inmates who are classified at security level 4 or 5;

18    therefore, Rincon Unit houses some of the highest security level inmates within ADC.

19        28.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does

20    1-40 have been on notice since 2016 that "ADC does not employ sound correctional

21    practices, and that the safety of ADC staff, inmates and the public has been compromised,"

22    including at Rincon Unit. *See Russett v. State of Arizona, et al.*, Case No. 2:16-cv-00431-

23    ROS.

24        29.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does

25    1-40 have known since 2016 that state-run prisons are understaffed and contain too many

26    violent offenders to be effectively controlled by staff. *Id.*

27        30.    Because of persistent long-term understaffing, there is a widespread and well-

28    established practice and custom of officers and officials within ADC abdicating their

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

5

authority to inmate leaders and relying on the inmates themselves to enforce prison rules and maintain order in the prisons, including the Rincon Unit and other high security units at ASPC-Tucson. *See Murillo et al. v. State of Arizona, et al.*, Case No. 2:20-cv-01580-DJH-JZB.

31.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 are aware of this unofficial custom and practice at Rincon Unit and are aware that it creates a substantial risk of harm to the public, staff, and inmates.

32.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that chronic understaffing within state prisons, including ASPC-Tucson, results in the inadequate supervision of inmates and places civilian workers who work within the prison at substantial risk of serious harm.

33.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that allowing inmates in higher security levels to be in close proximity to civilian workers with little or no supervision creates a substantial risk of inmate-on-staff violence.

34.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that the risk of harm is especially severe for female civilian workers.

35.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that civilian workers within state prisons receive little or no defensive training and do not have the authority or ability to control inmates or protect themselves from inmate-on-staff violence.

36.    As an example, in January 2014, an inmate and convicted sex offender stabbed and sexually assaulted a female teacher at ASPC-Eyman after the inmate was left with the teacher unsupervised. The State of Arizona ultimately settled with the victim for $3 million.

### ADC's Prisoner Labor Classification System

37.    Pursuant to A.R.S. § 31-251, the ADC Director, Defendant Thornell, has the authority to require able-bodied inmates to participate in work assignments.

38.    The statute requires Defendant Thornell to establish a "prisoner labor classification system" to ensure, among other things, that "[n]o prisoner participates in a

6

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

work assignment that threatens the safety or security of the public, the correctional institution or the prisoner."

39.    The statute further requires that "[e]ach prisoner committed to the department shall be classified pursuant to the prisoner labor classification system established by the director."

40.    On information and belief, Defendant Thornell established, promulgated, and maintained a prisoner labor classification system.

41.    At all times relevant herein, Demarco Hines was an inmate under ADC's custody and control and was housed in the Rincon Unit at ASPC-Tucson.

42.    Inmate Hines was admitted to ADC's custody on December 10, 2019, to serve a sentence for convictions of armed robbery and theft of means of transportation.

43.    Between February 2020 and September 2023, Inmate Hines received at least eighteen (18) disciplinary infractions, including stalking a staff member, disorderly conduct, disrupting an institution, fighting, criminal damage, threatening or intimidating, indecent exposure, and four separate incidents of aggravated refusal of an assignment.

44.    In September 2023, Inmate Hines was classified as a high security risk and was held in close custody.

45.    ADC Department Order 801 defines a high security risk ("IR 4") as "a high risk to the public, staff, and other inmates, of escape or committing violence within the perimeter and/or under the direct supervision of Department staff."

46.    ADC Department Order 801 defines inmates in "close custody" as "[i]nmates who represent a high risk to the public and staff. These inmates shall not be assigned to work outside the secure perimeter of an institution. These inmates require controlled movement within the institution."

47.    On information and belief, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 classified, reviewed, approved, and assigned Inmate Hines for a work assignment within the Rincon Unit using the prisoner labor classification system.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

7

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ◆ Fax:   (602) 265-0267

48.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew of Inmate Hines' significant history of violence and sexual misconduct, including his conviction for armed robbery and his disciplinary infractions for stalking a staff member, indecent exposure, fighting, and threatening or intimidating, among other infractions.

49.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew of Inmate Hines' security risk level and custody level, and they therefore knew that Inmate Hines presented a high risk of harm to staff, civilian workers, and inmates and that he required controlled movement within the prison.

50.    Despite their knowledge of Inmate Hines and the risk he posed to staff, civilian workers, and inmates, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 approved and assigned Inmate Hines to work in the Rincon Unit kitchen, where he would work with and under the direction of civilian kitchen workers, including Plaintiff.

51.    The prisoner labor classification system established and maintained by Defendant Thornell was defective in that it allowed a violent and dangerous high-security inmate to be permitted to work with civilian workers and thus created a danger to civilian workers, including Plaintiff.

52.    Even if the prisoner labor classification system itself was not defective, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 improperly classified Inmate Hines for the work assignment despite their knowledge that he posed a substantial risk of harm to civilian workers and thus created a danger to civilian workers, including Plaintiff.

53.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew that because of persistent understaffing of corrections personnel and the practice or custom of allowing inmates to enforce and maintain order within the prison, high security inmates, including Inmate Hines, would not be consistently or adequately supervised while performing work assignments with civilian workers.

8

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:  (602) 265-0267

## The September 28, 2023, Assault of Plaintiff O.W.

54.     In September 2023, then 23-year-old Plaintiff O.W. was an employee of Defendant TKC Holdings and its subsidiary, Defendant Trinity.

55.     At all times alleged herein, Defendant Trinity had contracted with ADC to provide inmate food and commissary services at ASPC-Tucson, including Rincon Unit.

56.     Defendants TKC Holdings and Trinity knew that their employees, particularly female employees, would be exposed to dangerous, high-security risk inmates that posed a substantial risk of serious harm to workers at ASPC-Tucson, including Rincon Unit.

57.     Defendants TKC Holdings and Trinity also suffered from understaffing at ASPC-Tucson.

58.     Plaintiff was normally supposed to work with at least two other TKC Holdings/Trinity employees, but because of understaffing, she often had to work alone.

59.     Plaintiff also frequently performed inmate jobs, like washing dishes, because the inmates refused to follow the directions of Plaintiff, other TKC Holdings/Trinity employees, and corrections staff.

60.     The only corrections officer who tried to maintain order in the kitchen was moved to a different position at the insistence of the inmates because the officer would write disciplinary tickets.

61.     Upon information and belief, prior to the subject incident, O.W. submitted incident reports to Defendants and/or Trinity employees on several inmates in the Rincon Unit who posed threats to her and/or other Trinity employees.

62.     On the morning of September 28, 2023, Plaintiff was working in the kitchen of the Rincon Unit.

63.     Defendants Corporal Kaylan Nasta and COII Talon Hanks were the corrections staff assigned to the Rincon kitchen and were responsible for supervising, monitoring, and controlling the inmate laborers, including Inmate Hines.

9

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

64.    Defendants Nasta and Hanks knew that Inmate Hines was classified as a high security risk and was in close custody and therefore knew he posed a high risk of serious harm to staff, civilian workers, and other inmates.

65.    Defendants Nasta and Hanks knew that Inmate Hines required controlled movement within the prison.

66.    On information and belief, Defendants Nasta and Hanks were aware that Inmate Hines had previous disciplinary infractions including stalking a staff member and indecent exposure and therefore knew that Inmate Hines posed a high risk of violence and sexual misconduct toward staff and civilian workers.

67.    At approximately 10:13 a.m., Inmate Hines was working his assigned position in the Rincon kitchen.

68.    Inmate Hines asked a TKC Holdings/Trinity employee, Rhonda Lehner, to let him into a small dining area so he could sweep.

69.    Ms. Lehner unlocked the door to the dining area and let Inmate Hines into the room.

70.    Defendant Nasta entered the small dining area two times between 10:19 and 10:28 a.m., possibly to check on Inmate Hines.

71.    After 10:29 a.m., Inmate Hines was left alone and unsupervised in the dining area with unrestricted access to the dining area and the staff restroom located inside it.

72.    At the time, Defendants Nasta and Hanks had both left the kitchen and had left Inmate Hines unsupervised.

73.    Defendant Hanks had taken a group of inmate laborers outside for a smoke break, and Defendant Nasta is believed to have been in the control room.

74.    At 10:37 a.m., Plaintiff entered the small dining area to use the staff restroom.

75.    This was the only staff restroom available for Plaintiff to use as a civilian kitchen worker.

76.    On her way to the restroom, Plaintiff saw Inmate Hines sweeping the dining area.

10

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:  (602) 265-0267

77.     While she was in the restroom, Plaintiff saw a shadow under the door, which she believed was Inmate Hines walking around and sweeping.

78.     Plaintiff washed her hands and began to exit the restroom.

79.     As Plaintiff began to open the bathroom door, Inmate Hines forcibly pushed the door open, knocked her radio out of her shirt pocket, and punched her several times in the abdomen.

80.     Plaintiff fell to the ground.

81.     Inmate Hines began to choke Plaintiff and threatened to kill her if she yelled again.

82.     Plaintiff screamed and begged Inmate Hines to stop.

83.     Inmate Hines choked Plaintiff and restricted her airway until she lost consciousness.

84.     Inmate Hines violently sexually assaulted Plaintiff.

85.     Plaintiff regained consciousness during the sexual assault.

86.     After the assault, Inmate Hines pleaded with Plaintiff not to tell anyone what he did.

87.     Plaintiff heard keys clinking as someone walked toward the staff restroom.

88.     At approximately 10:58 a.m., Ms. Lehner opened the door to the staff restroom.

89.     Inmate Hines pretended to be helping Plaintiff and acted as though she had fallen.

90.     Plaintiff ran out of the bathroom and went directly to the Trinity office, where she initiated an ICS, an internal prison emergency.

91.     Plaintiff was crying hysterically and in extreme distress.

92.     Plaintiff was transported by ambulance to Tucson Medical Center Emergency Room where her injuries were evaluated and forensic evidence was obtained.

93.     Criminal investigators with ADC's Criminal Investigations Unit ("CIU") later determined that Inmate Hines' attack on Plaintiff had been premeditated.

94.    On September 29, 2023, a CIU investigator interviewed an inmate whose identity is presently unknown to Plaintiff.

95.    The inmate reported that before the assault, Inmate Hines got high on spice (synthetic marijuana) and stated, "Today's the day, I'm gonna get that, that bitch is mine, I'm getting that."

96.    The inmate also reported that he had overheard Inmate Hines speaking with another inmate about sexually assaulting female staff members.

97.    On March 6, 2024, Inmate Hines was indicted on the following charges directly related to the subject incident:

Count One: Kidnap-Inflict Death/Injury/Sex Offense/Aid in Felony, a Class Two Felony;

Count Two: Sexual Assault, a Class Two Felony;

Count Three: Sexual Abuse, a Class Five Felony; and

Count Four: Aggravated Assault on a Corrections Employee, a Class Five Felony. Inmate Hines is currently awaiting trial, which is scheduled to begin on March 24, 2025.

98.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, pain and suffering, humiliation, grief, and fear.

99.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has incurred and will continue to incur medical expenses, lost wages, and other economic and non-economic losses.

## COUNT ONE

### 42 U.S.C. § 1983 – Violation of Due Process/State-Created Danger
### (Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40)

100.    The foregoing paragraphs are incorporated as if fully set forth herein.

101.    The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

102.    Under the state-created danger doctrine, a state actor is liable under 42 U.S.C. § 1983 and the Fourteenth Amendment when the state actor participates in creating a dangerous condition and acts with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it. *See L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996) ("*Grubbs II*").

103.    Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 violated Plaintiff's right to due process under the Fourteenth Amendment because they each engaged in affirmative conduct that created or exposed Plaintiff to an actual, particularized danger that she would not have otherwise faced, and they were deliberately indifferent to the known or obvious danger their actions created. *See id.*; *Gorsline v. Daniels*, 674 F. Supp. 3d 968, 978 (D. Nev. 2023).

104.    Defendant Thornell engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

    a. Establishing, promulgating, and maintaining the prisoner labor classification system whereby Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, as assigned to a work assignment with civilian workers;

    b. Establishing and condoning an unofficial policy where, because of understaffing, inmates at ASPC-Tucson were allowed to enforce and maintain order within the prison;

    c. Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers.

105.    Defendant Thornell was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

13

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:    (602) 265-0267

106.    Defendant Josefowicz engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

    a.    Establishing and condoning an unofficial policy where, because of understaffing, inmates at ASPC-Tucson were allowed to enforce and maintain order within the prison;

    b.    Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers.

107.    Defendant Josefowicz was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

108.    Defendant Nasta engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by leaving Inmate Hines unsupervised in the Rincon kitchen with unrestricted access to the staff restroom.

109.    Defendant Nasta left Inmate Hines entirely unsupervised for approximately 30 minutes, including the approximately 20 minutes that Inmate Hines spent committing the sexual assault against Plaintiff.

110.    Defendant Nasta was deliberately indifferent to the known or obvious danger her actions created because she knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

111.    Defendant Nasta also knew that, at the time of the assault, Inmate Hines had unrestricted and unsupervised access to female civilian kitchen workers and the staff restroom in the Rincon kitchen.

112.    Defendant Hanks engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by leaving Inmate Hines unsupervised in the Rincon kitchen while taking a group of inmate laborers outside for a break.

14

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

113.    Defendant Hanks was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

114.    By leaving Inmate Hines unsupervised in the Rincon kitchen, Defendants Nasta and Hanks were acting in accordance with the unofficial policy or custom of allowing inmates to enforce and maintain order themselves.

115.    Defendants John and Jane Does 1-40 are certain unknown ADC employees, corrections officers, shift commanders, sergeants, lieutenants, captains, and/or deputy wardens that, on information and belief, engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

a.    Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers; and/or

b.    Failing to fulfill their duties and responsibilities to supervise Inmate Hines at the time of the assault, thereby leaving Plaintiff unprotected in the Rincon kitchen.

116.    Defendants John and Jane Does 1-40 were deliberately indifferent to the known or obvious danger his actions created because they knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

117.    At all times alleged herein, Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 were acting under the color of state law because their actions were undertaken while exercising their responsibilities as officials and officers of ADC.

118.    Plaintiff to right to due process and the state-created danger doctrine have been clearly established since at least 1996, when the Ninth Circuit decided *Grubbs II*. Therefore, Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 are not entitled to qualified immunity.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

119.    As a result of Defendants' violation of the Fourteenth Amendment, Plaintiff suffered physical, mental, and emotional harm.  Plaintiff has experienced severe emotional distress, humiliation, grief, and fear, and has incurred medical expenses, lost wages, and other economic and non-economic losses.

120.    Defendants' actions were done knowingly, intentionally, and maliciously; therefore, Plaintiff is entitled to recover punitive damages.

## COUNT TWO

### Intentional Infliction of Emotional Distress
### (Defendant State of Arizona)

121.    The foregoing paragraphs are incorporated as if fully set forth herein.

122.    Defendant State of Arizona and its agents and employees engaged in conduct that was extreme and outrageous by:

a. Creating a dangerous work environment for civilian workers in the Rincon Unit of ASPC-Tucson by establishing and condoning an unofficial policy of abdicating authority to inmates at ASPC-Tucson and allowing inmates themselves to enforce and maintain order within the prison;

b. Approving and assigning a high security risk inmate with a history of violence and sexual misconduct to a work assignment with civilian workers; and

c. Allowing a high security risk inmate with a history of violence and sexual misconduct to have unsupervised and unrestricted access to a restroom designated as a restroom for female civilian kitchen workers.

123.    Defendant State of Arizona and its agents and employees either intended to cause Plaintiff emotional distress or recklessly disregarded the near certainty that distress would result.

124.    The conduct of Defendant State of Arizona and its agents and employees caused Plaintiff to suffer severe emotional distress, including anxiety, depression, post-traumatic stress, humiliation, grief, and fear.

1    125.   The conduct of Defendant State of Arizona and its agents and employees

2  caused Plaintiff to incur medical expenses, lost wages, and other economic and non-

3  economic losses.

4                              **COUNT THREE**

5                         **Negligence / Gross Negligence**
                  **Failure to Adequately Staff, Train, Supervise, and Monitor**
6                         **(Defendant State of Arizona)**

7    126.   The foregoing paragraphs are incorporated as if fully set forth herein.

8    127.   Defendant State of Arizona and ADC, through their employees, have a duty

9  to exercise due care in the performance of their duties and responsibilities.

10    128.   Defendant State of Arizona and ADC breached that duty by:

11      a.  Establishing and condoning an unofficial policy of abdicating authority to

12          inmates at ASPC-Tucson and allowing inmates themselves to enforce and

13          maintain order within the prison;

14      b.  Approving and assigning a high security risk inmate with a history of violence

15          and sexual misconduct to a work assignment with civilian workers;

16      c.  Failing to maintain adequate staffing levels within ASPC-Tucson;

17      d.  Failing to adequately supervise, monitor, and control inmates, including those

18          inmates assigned to work with civilian workers;

19      e.  Failing to adequately train corrections staff on the proper supervision,

20          monitoring, and control of inmates;

21      f.  Failing to adequately train, educate, and oversee staff with respect to inmate-

22          on-staff violence;

23      g.  Failing to take reasonable precautions to protect civilian workers, including

24          Plaintiff, from violence at the hands of inmates; and

25      h.  Failing to provide civilian kitchen workers in Rincon Unit with a safe restroom

26          that was inaccessible to unsupervised inmates.

27

28

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

129.   Defendant State of Arizona knew or should have known that Inmate Hines had been convicted of a violent crime and had numerous disciplinary infractions demonstrating a history of violence and sexual misconduct toward staff within the prison.

130.   Defendant State of Arizona knew or should have known that Inmate Hines had expressed his plan to commit a premeditated sexual assault on Plaintiff.

131.   Defendant State of Arizona knew or should have known that its conduct created an unreasonable risk of bodily harm to Plaintiff and other civilian workers and that there was a high probability that substantial harm would result.

132.   As a direct result of Defendant State of Arizona's negligent, grossly negligent, willful, wanton, and/or reckless conduct, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic losses.

### COUNT FOUR

**Negligence / Gross Negligence**
**Vicarious Liability**
**(Defendant State of Arizona)**

133.   The foregoing paragraphs are incorporated as if fully set forth herein.

134.   Defendant State of Arizona and its agents and employees acting within the course and scope of their employment, including Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, owed duties of reasonable care to Plaintiff.

135.   Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, breached those duties by approving and assigning Inmate Hines to a work assignment where he worked with civilians and by failing to adequately supervise him during the work assignment.

136.   Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, knew or should have known that Inmate Hines had been convicted of a violent crime and had numerous disciplinary infractions demonstrating a history of violence and sexual misconduct toward staff within the prison.

18

137.    Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, knew or should have known that Inmate Hines had expressed his plan to commit a premeditated sexual assault on Plaintiff.

138.    Defendant State of Arizona and its agents and employees knew or should have known that their conduct created an unreasonable risk of bodily harm to Plaintiff and other civilian workers and that there was a high probability that substantial harm would result.

139.    Defendant State of Arizona is vicariously liable for the conduct of its employees.

140.    As a direct result of the negligent, grossly negligent, willful, wanton, and/or reckless conduct of Defendant State of Arizona and its employees, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic losses.

## COUNT FIVE

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*
Sex Discrimination, Hostile Work Environment
(Against Defendants TKC Holdings and Trinity)**

141.    The foregoing paragraphs are incorporated as if fully set forth herein.

142.    Defendants TKC Holdings and Trinity, through their agents and employees, subjected Plaintiff to a hostile work environment and discrimination based on her sex and gender.

143.    The sexual assault by non-employee Inmate Hines was intentional and created an intimidating, oppressive, offensive, and hostile work environment which interfered with Plaintiff's physical, mental, and emotional well-being and her work performance. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967–68 (9th Cir. 2002).

144.    The sexual assault by Inmate Hines was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. Although the sexual assault was a single incident, it was extremely brutal, shocking, traumatizing, and life-threatening for Plaintiff.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

145.    Defendants TKC Holdings and Trinity knew or should have known that their female employees were at risk of sexual discrimination, harassment, and assault by inmates, particularly high security risk inmates such as Inmate Hines. *See id.*; *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1244 (10th Cir. 2001).

146.    Defendants TKC Holdings and Trinity failed to exercise reasonable care to prevent sexual discrimination, harassment, and assault of their female employees, including Plaintiff.

147.    Defendants TKC Holdings and Trinity failed to provide adequate staffing, supervision, monitoring and control of the work environment in order to protect and prevent their female employees from being subjected to sexual discrimination, harassment, and assault.

148.    Defendants TKC Holdings and Trinity failed to provide a safe restroom for female employees that was inaccessible to male inmates working in the Rincon kitchen.

149.    Defendants TKC Holdings and Trinity failed to maintain adequate anti-harassment policies and procedures and failed to ensure that anti-harassment policies and procedures were effective and were followed.

150.    The sex discrimination and hostile work environment would have detrimentally affected a reasonable person in Plaintiff's position.

151.    The sex discrimination and hostile work environment did, in fact, detrimentally affect Plaintiff and caused harm to her physical, mental, and emotional well-being.

152.    Plaintiff has not been able to return to work since the day of the assault.

153.    As a result of the conduct of Defendants TKC Holdings and Trinity and their agents and employees, Plaintiff has suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic and non-economic losses.

154.    Defendants TKC Holdings and Trinity's actions were undertaken with malice or reckless indifference; therefore, Plaintiff is entitled to punitive damages.

20

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

## COUNT SIX
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*
### Sex Discrimination, Hostile Work Environment
### (Against Defendant State of Arizona)

155.    The foregoing paragraphs are incorporated as if fully set forth herein.

156.    Plaintiff pleads this claim pursuant to Rule 8(e) of the Arizona Rules of Civil Procedure, which permits a party to plead alternative or inconsistent claims.

157.    Should Defendant State of Arizona assert that it is Plaintiff's statutory employer or that Plaintiff is its statutory employee, Defendant State of Arizona is liable as Plaintiff's joint employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.

158.    At all times alleged herein, Defendant State of Arizona is and was a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. et seq., as amended.

159.    Defendant State of Arizona, through its agents and employees, subjected Plaintiff to a hostile work environment and discrimination based on her sex and gender.

160.    The sexual assault by non-employee Inmate Hines was intentional and created an intimidating, oppressive, offensive, and hostile work environment which interfered with Plaintiff's physical, mental, and emotional well-being and her work performance. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967–68 (9th Cir. 2002).

161.    The sexual assault by Inmate Hines was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. Although the sexual assault was a single incident, it was extremely brutal, shocking, traumatizing, and life-threatening for Plaintiff.

162.    Defendant State of Arizona knew or should have known that female employees, especially civilian employees such as Plaintiff, were at risk of sexual discrimination, harassment, and assault by inmates, particularly high security risk inmates such as Inmate Hines. *See id.*; *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1244 (10th Cir. 2001).

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

163.    Defendant State of Arizona failed to exercise reasonable care to prevent sexual discrimination, harassment, and assault of female employees, including Plaintiff.

164.    Defendant State of Arizona failed to provide adequate staffing, supervision, monitoring and control of the work environment in order to protect and prevent their female employees from being subjected to sexual discrimination, harassment, and assault.

165.    Defendant State of Arizona failed to provide a safe restroom for female employees that was inaccessible to male inmates working in the Rincon kitchen.

166.    Defendant State of Arizona failed to maintain adequate anti-harassment policies and procedures and failed to ensure that anti-harassment policies and procedures were effective and were followed.

167.    The sex discrimination and hostile work environment would have detrimentally affected a reasonable person in Plaintiff's position.

168.    The sex discrimination and hostile work environment did, in fact, detrimentally affect Plaintiff and caused harm to her physical, mental, and emotional well-being.

169.    Plaintiff has not been able to return to work since the day of the assault.

170.    As a result of the conduct of Defendant State of Arizona and its agents and employees, Plaintiff has suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic and non-economic losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    For special and general compensatory damages, including for past and future medical expenses, lost wages, emotional distress, and loss of enjoyment of life;

B.    For punitive damages against Defendants Thornell, Josefowicz, Nasta, Hanks, TKC Holdings, Trinity, and John and Jane Does 1-40, to the extent permitted by law;

C.    For attorneys' fees and costs under 42 U.S.C. § 1988 to the extent permitted by law;

1    D.    For pre- and post-judgment interest to the extent permitted by law;

2    E.    For fees and expenses, including taxable costs, to the extent permitted by law;

3    and

4    F.    For such other relief as the Court deems just and proper.

5

6    RESPECTFULLY SUBMITTED: December 13, 2024.

7                                    ROBBINS CURTIN MILLEA & SHOWALTER, LLC

8

9    By:    /s/ Jesse M. Showalter
                Jesse M. Showalter
10              Lauren E. Channell
                301 E. Bethany Home, #B-100
11              Phoenix, AZ    85012
                *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

RICKIE MCTHENY(MARICOPA COUNTY #8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

COPY
DEC 19 2024
CLERK OF THE SUPERIOR COURT
G. FARLER
DEPUTY CLERK

### MARICOPA COUNTY SUPERIOR COURT

O.W.

Plaintiffs
Vs.

STATE OF ARIZONA; RYAN THORNELL; TKC
HOLDINGS, INC., TRINITY HOLDINGS, INC et al
Defendants

Case No: CV2024-034347

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE REGARDING
COMPULSORY ARBITRATION; CIVIL COVER SHEET

I personally served true copies of the above documents on the person listed below.

ENTITY SERVED:    TK HOLDINGS, INC (nka TRINITY KEEFE HOLDINGS, INC.) c/o COGENCY
GLOBAL, INC., STATUTORY AGENT
HOW SERVED:    PERSONALLY ON ROSE FLORES accepting service as AGENT
AT:    300 W. CLARENDON SUITE 240, PHOENIX, AZ 85013
ON:    DECEMBER 17, 2024
TIME:    10:28 AM

DECLARANT:    _RICKIE MCTHENY_
RICKIE MCTHENY
d.b.a. JBN Legal Support Service, L.L.C.
DECEMBER 19, 2024

CHARGES:
DOC FEE:    $ 20.00
MILEAGE:    $ 20.00
ISSUE/PICK UP:    $ 20.00
CERT FEE:    $ 10.00
TOTAL:    $ 70.00

RCMS

RICKIE MCTHENY(MARICOPA COUNTY #8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

COPY
DEC 1 9 2024
CLERK OF THE SUPERIOR COURT
G. FARLER
DEPUTY CLERK

## MARICOPA COUNTY SUPERIOR COURT

O.W.

              Plaintiffs
              Vs.

STATE OF ARIZONA; RYAN THORNELL; TKC
HOLDINGS, INC., TRINITY HOLDINGS, INC et al
              Defendants

Case No:  CV2024-034347

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE REGARDING
COMPULSORY ARBITRATION; CIVIL COVER SHEET

I personally served true copies of the above documents on the person listed below.

ENTITY SERVED:    TRINITY SERVICES GROUP, INC. c/o COGENCY GLOBAL, INC., STATUTORY
              AGENT
HOW SERVED:    PERSONALLY ON ROSE FLORES accepting service as AGENT
AT:    300 W. CLARENDON SUITE 240, PHOENIX, AZ 85013
ON:    DECEMBER 17, 2024
TIME:    10:28  AM

DECLARANT:

RICKIE MCTHENY
d.b.a. JBN Legal Support Service, L.L.C.
DECEMBER 19,  2024

CHARGES:
DOC FEE:    $ 20.00
MILEAGE:    $ 20.00
ISSUE/PICK UP:    $ 20.00
CERT FEE:    $ 10.00
TOTAL:    $ 70.00

RCMS

RICKIE MCTHENY(MARICOPA COUNTY #8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291

COPY
DEC 19 2024
CLERK OF THE SUPERIOR COURT
G. FARLER
DEPUTY CLERK

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| O.W. | |
| Plaintiffs | Case No: CV2024-034347 |
| Vs. | |
| | CERTIFICATE OF SERVICE |
| STATE OF ARIZONA; RYAN THORNELL; TKC | BY A PRIVATE PERSON |
| HOLDINGS, INC., TRINITY HOLDINGS, INC et al | Arizona Rules of Court 80(1) |
| Defendants | |

Type of Document(s)    SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE REGARDING
COMPULSORY ARBITRATION; CIVIL COVER SHEET

I personally served true copies of the above documents on the person listed below.

ENTITY:              STATE OF ARIZONA c/o  ARIZONA ATTORNEY GENERAL, KRIS MAYES
HOW SERVED:          PERSONALLY LISA FISCHER accepting as LOBBY RECEPTIONIST
AT:                  2005 N. CENTRAL AVE., PHOENIX, AZ 85004
ON:                  DECEMBER 17, 2024
TIME:                9:46 AM

DECLARANT:           RICKIE MCTHENY
                     d.b.a. JBN Legal Support Service, L.L.C.
                     DECEMBER 19, 2024

CHARGES:
DOC FEE:             $ 20.00
MILEAGE:             $ 20.00
ISSUE/PICK UP:       $ 20.00
CERT FEE:            $ 10.00
TOTAL:               $ 70.00

RCMS

RICKIE MCTHENY(MARICOPA COUNTY #8315)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE.
Phoenix, AZ 85020
623-229-9291



COPY
DEC 19 2024
CLERK OF THE SUPERIOR COURT
G. FARLER
DEPUTY CLERK

## MARICOPA COUNTY SUPERIOR COURT

O.W.

          Plaintiffs
             Vs.

STATE OF ARIZONA; RYAN THORNELL; TKC
HOLDINGS, INC., TRINITY HOLDINGS, INC et al
          Defendants

Case No: CV2024-034347

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE REGARDING
                      COMPULSORY ARBITRATION; CIVIL COVER SHEET

I personally served true copies of the above documents on the person listed below.

ENTITY:           RYAN THORNELL, ARIZONA DEPARTMENT OF CORRECTIONS,
                 REHABILITATION & REENTRY
HOW SERVED:    PERSONALLY GRACE CARDENAS accepting as PPS II
AT:              701 E. JEFFERSON ST., PHOENIX, AZ 85034
ON:              DECEMBER 17, 2024
TIME:          10:01 AM

DECLARANT:

              RICKIE MCTHENY
              d.b.a. JBN Legal Support Service, L.L.C.
              DECEMBER 19, 2024

CHARGES:
DOC FEE:        $ 20.00
MILEAGE:       $ 20.00
ISSUE/PICK UP:  $ 20.00
CERT FEE:      $ 10.00
TOTAL:        $ 70.00

RCMS

| *Attorney or Party without Attorney:*<br>Jesse M. Showalter (SBN 026628)<br>ROBBINS & CURTIN PLLC<br>301 EAST BETHANY HOME ROAD SUITE B100<br>PHOENIX, AZ 85012<br>*Telephone No:* | | *For Court Use Only*<br><br>Clerk of the Superior Court<br>*** Electronically Filed ***<br>T. Hays, Deputy<br>12/19/2024 10:36:14 AM<br>Filing ID 19041314 |
|---|---|---|
| *Attorney For:* Plaintiff | *Ref. No. or File No.:* O.W VS. STATE OF ARIZONA, CV2024 027267 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA | | |
| *Plaintiff:* O.W., an individual,<br>*Defendant:* State of Arizona, a body politic, et. al. | | |

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2024-027267 |
|---|---|---|---|---|

1. *At the time of service I was at least 21 years of age and not a party to this action.*

2. I served copies of the
   SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVER SHEET

3. *a.*   *Party served:*      Talon Hanks
   *b.*   *Person served:*   Talon Hanks , Caucasian , Male , Age : 43 , Hair : Brown , Height: 5'7" , Weight: 170

4. *Address where the party was served:*   ▮▮▮▮▮▮▮▮, Tucson, AZ ▮▮▮▮

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party (1) on: Wed, Dec 18 2024 (2) at: 03:11 PM

   Service: $55.25, Mileage: $31.20., Affidavit: $10.00, Wait: $0.00, Printing pages: $9.00, Total: $105.45

                                                    I Declare under penalty of perjury under the laws of the State of
                                                    Arizona that the foregoing is true and correct.

6. *Person Executing:*
   *a.* Brandon Freeman PM 389, Pima County
   **b. FIRST LEGAL**
   177 N. Church Ave. Suite 312
   TUCSON, AZ 85701
   c. (520) 798 2200



| 12/18/2024 | |
|---|---|
| *(Date)* | *(Signature)* |

7. *STATE OF ARIZONA, COUNTY OF PIMA Subscribed and sworn to (or affirmed) before on this 18 day of December, 2024 by*
   *Brandon Freeman (PM-389, Pima County) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*



| _____ |
|---|
| *(Notary Signature)* |

SAMANTHA MARIE SHETLEY
Notary Public · Arizona
Pima County
Commission # 618546
My Comm. Expires Dec 29, 2025

| *Attorney or Party without Attorney:*<br>Jesse M. Showalter (SBN 026628)<br>ROBBINS & CURTIN PLLC<br>301 EAST BETHANY HOME ROAD SUITE B100<br>PHOENIX, AZ 85012<br>*Telephone No:* | | *For Court Use Only* |
|---|---|---|
| *Attorney For:*   Plaintiff | *Ref. No. or File No.:*   O.W VS. STATE OF<br>ARIZONA, CV2024<br>027267 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA | | |
| *Plaintiff:*   O.W., an individual,<br>*Defendant:*   State of Arizona, a body politic, et. al. | | |

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2024-027267 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVER SHEET

3.  *a.*   *Party served:*        Christopher Josefowicz
    *b.*   *Person served:*     Christopher Josefowicz , Caucasian , Male , Age: 55 , Hair: Gray , Height: 6'0" , Weight: 250

4.  *Address where the party was served:*        ███████████ , Red Rock, AZ ████

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive
    process for the party (1) on: Thu, Dec 19 2024 (2) at: 08:30 AM

    Service: $189.75, Mileage: $0.00, Affidavit: $0.00, Wait: $0.00, Printing pages: $9.00, Total: $198.75

    I Declare under penalty of perjury under the laws of the State of
    Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Victoria McKinnon PM697, Pima County
    **b. FIRST LEGAL**
       177 N. Church Ave. Suite 312
       TUCSON, AZ 85701
    c. (520) 798 2200

| 12/19/2024 | *Victoria S. McKinnon* |
|---|---|
| *(Date)* | *(Signature)* |

7.  *STATE OF ARIZONA, COUNTY OF PIMA Subscribed and sworn to (or affirmed) before on this 19 day of December, 2024 by*
    *Victoria McKinnon (PM697, Pima County) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*



*(Notary Signature)*



SAMANTHA MARIE SHETLEY
Notary Public · Arizona
Pima County
Commission # 618546
My Comm. Expires Dec 29, 2025



**AFFIDAVIT OF
SERVICE**

*12356375*
*(10557098)*

Clerk of the Superior Court
*** Electronically Filed ***
Art Menchez, Deputy
12/20/2024 1:23:44 PM
Filing ID 19051191

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Jesse M. Showalter (SBN 026628)<br>ROBBINS & CURTIN PLLC<br>301 EAST BETHANY HOME ROAD SUITE B100<br>PHOENIX, AZ 85012<br>*Telephone No:* | |

| | |
|---|---|
| *Attorney For:*  Plaintiff | *Ref. No. or File No.:*  O.W VS. STATE OF<br>ARIZONA, CV2024<br>027267 |

*Insert name of Court, and Judicial District and Branch Court:*
IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA

*Plaintiff:*   O.W., an individual,
*Defendant:*   State of Arizona, a body politic, et. al.

| **AFFIDAVIT OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2024-027267 |
|---|---|---|---|---|

1. *At the time of service I was at least 21 years of age and not a party to this action.*

2. I served copies of the
   SUMMONS; FIRST AMENDED COMPLAINT; CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVER SHEET

3. *a.* *Party served:*     Kaylan Nasta
   *b.* *Person served:*   Angel Nasta   Son/Co Resident

4. *Address where the party was served:*   ███████████████, Tucson, AZ ████

5. I served the party:
   a. **by substituted service.**   On: Fri, Dec 20 2024 at: 10:23 AM by leaving the copies with or in the presence of:
      Angel Nasta  Son/Co Resident , Caucasian , Male , Age: 20 , Hair: Brown , Height: 5'7" , Weight: 250

   (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.

   Service: $55.25, Mileage: $50.40, Affidavit: $10.00, Wait: $0.00, Printing pages: $9.00, Total: $124.65

   I Declare under penalty of perjury under the laws of the State of
   Arizona that the foregoing is true and correct.

6. *Person Executing:*
   *a.* Brandon Freeman PM 389, Pima County;
   **b. FIRST LEGAL**
      177 N. Church Ave. Suite 312
      TUCSON, AZ 85701
   c. (520) 798 2200

| 12/20/2024 | |
|---|---|
| *(Date)* | *(Signature)* |

7. *STATE OF ARIZONA, COUNTY OF PIMA Subscribed and sworn to (or affirmed) before on this* 20 day of December, 2024 *by*
   *Brandon Freeman (PM-389, Pima County) proved to me on the basis of satisfactory evidence to be the person who appeared before me.*



*(Notary Signature)*

SAMANTHA MARIE SHETLEY
Notary Public · Arizona
Pima County
Commission # 618546
My Comm. Expires Dec 29, 2025



**AFFIDAVIT OF
SERVICE**

*12356338*
*(10557096)*

# EXHIBIT E

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589679

Jesse M. Showalter, Esq. (026628)
Lauren E. Channell, Esq. (033484)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home, #B-100
Phoenix, Arizona 85012
Tel: 602-400-4400
Fax: 602-265-0267
jesse@rcmslaw.com
lauren@rcmslaw.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **O.W.**, an individual, | Case No. **CV2024-027267** |
| Plaintiff, | **COMPLAINT** |
| vs. | (Rule 26.2 Discovery Tier III) |
| **State of Arizona**, a body politic; **Ryan Thornell**, an individual, on his own behalf and on behalf of his marital community; **Christopher Josefowicz**, an individual, on his own behalf and on behalf of his marital community; **Kaylan Nasta**, an individual, on her own behalf and on behalf of her marital community; **Talon Hanks**, an individual, on his own behalf and on behalf of his marital community; **TKC Holdings, Inc.**, a Missouri corporation; **Trinity Services Group, Inc.**, a Florida corporation; and **John and Jane Does 1-40**, | (Jury Trial Requested) |
| Defendants. | |

Plaintiff O.W. complains against Defendants and alleges as follows:

**PARTIES**

1.     Plaintiff O.W. is a resident of the State of Arizona. Due to the nature of the claims made herein, Plaintiff is being identified by her initials.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix - Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

2.　Plaintiff, at all relevant times, worked as a civilian kitchen worker in the Rincon Unit of Arizona State Prison Complex ("ASPC") – Tucson and was an employee of Trinity Services Group, Inc. and TKC Holdings, Inc.

3.　Defendant State of Arizona is a governmental entity organized under the Constitution of the United States. Its subdivisions or agencies include the Arizona Department of Corrections, Rehabilitation and Reentry ("ADC").

4.　Defendant Ryan Thornell is a resident of the State of Arizona. At all times alleged herein, Defendant Thornell was the Director of ADCRR and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983 and was a final policymaker for making and enforcing official policies at ASPC-Tucson, including the Rincon Unit.

5.　Defendant Christopher Josefowicz is a resident of the State of Arizona. At all times alleged herein, Defendant Josefowicz was employed by Defendant State of Arizona as the Warden for ASPC-Tucson and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983 and was a final policymaker responsible for making and enforcing official policies at ASPC-Tucson, including the Rincon Unit.

6.　Defendant Kaylan Nasta is a resident of the State of Arizona. At all times alleged herein, Defendant Nasta was employed by Defendant State of Arizona as a corporal and was acting within the course and scope of her employment and under the color of state law. She is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

7.　Defendant Talon Hanks is a resident of the State of Arizona. At all times alleged herein, Defendant Hanks was employed by Defendant State of Arizona as a corrections officer and was acting within the course and scope of his employment and under the color of state law. He is, and was, a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

2

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

8.     Defendant TKC Holdings, Inc. ("TKC Holdings") is a Missouri for-profit corporation doing business in the State of Arizona. Defendant TKC Holdings, at all times alleged herein, is and was a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. et seq., as amended.

9.     Defendant Trinity Services Group, Inc. ("Trinity") is a Florida for-profit corporation doing business in the State of Arizona and is a subsidiary of Defendant TKC Holdings. Defendant Trinity, at all times alleged herein, is and was a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. et seq., as amended.

10.     John and Jane Does 1 through 40 are certain unknown ADC employees, corrections officers, shift commanders, sergeants, lieutenants, captains, and/or deputy wardens who through their own actions or inactions have caused or assisted others in causing the incidents and resulting harm set forth below. The identities of these individuals have not yet been ascertained but they are well known by Defendants. Plaintiff will amend her complaint to allege the true names and capacities of the various Doe Defendants when they are learned. At all times alleged herein, the Doe Defendants were employed by Defendant State of Arizona and were acting within the course and scope of their employment and under the color of state law. The Doe Defendants were, and are, "state actors" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

11.     At all times alleged herein, Defendant State of Arizona contracted with Defendant Trinity Services Group, Inc., to provide inmate food and commissary services within the Arizona prison systems and exercised control over the areas in which employees of Trinity/TKC Holdings were required to work. This work regularly included direct contact with inmates who were under the supervision and control of ADC employees.

12.     Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, Defendants Trinity and TKC are vicariously liable for the acts and omissions of its employees with supervisory authority.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:  (602) 265-0267

13.     For purposes of Plaintiff's state law claims, Defendant State of Arizona is vicariously liable for the acts and omissions of its employees acting within the scope of their employment, including Defendants Thornell, Josefowicz, Nasta, Hanks, John and Jane Does 1-40, and other ADOC officers and employees, and the actions of ADC in the aggregate.

14.     Pursuant to A.R.S. § 31-201.01(F), any and all causes of action which may arise out of tort caused by the director, prison officers, or employees of ADOC, run only against the State. *See Rourk v. State*, 170 Ariz. 6, 13, 821 P.2d 273, 280 (Ct. App. 1991) (holding that the State of Arizona can be held liable for gross negligence of employees acting in the aggregate).

## JURISDICTION AND VENUE

15.     The amount in controversy exceeds the jurisdictional threshold of the Court.

16.     This Court has jurisdiction over Plaintiff's claims and venue is proper in the Superior Court in and for Maricopa County.

17.     As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim on Defendant State of Arizona on March 22, 2024. Defendant State of Arizona did not respond to the notice of claim. The notice of claim complied in all ways with A.R.S. § 12-821.01, was timely served, and is deemed denied by operation of statute.

18.     On or about July 2, 2024, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Trinity Services Group, Inc. The EEOC issued a Notice of Right to Sue on July 11, 2024, and Plaintiff commenced this action within ninety (90) days of receipt of said notice.

19.     On or about July 2, 2024, Plaintiff timely filed a charge of discrimination with the EEOC against Defendant TKC Holdings, Inc. The EEOC issued a Notice of Right to Sue on July 11, 2024, and Plaintiff commenced this action within ninety (90) days of receipt of said notice.

20.     All conditions precedent to the institution of this suit have been fulfilled, and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

**ROBBINS CURTIN MILLEA & SHOWALTER, LLC**
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

**RULE 26.2 TIER DESIGNATION**

21.    Pursuant to Rule 26.2 of the Arizona Rules of Civil Procedure, Plaintiff designates this case for Tier III discovery.

**DEMAND FOR JURY TRIAL**

22.    Plaintiff demands a jury trial as to all triable issues.

**GENERAL ALLEGATIONS**

**Persistent Staffing Issues within ADC and Rincon Unit**

23.    Within ADC, inmates are classified according to their anticipated risk within the institution. ADC promulgates formal department orders, post orders, and other formal policies and procedures for classifying inmates. These scores range from 1 to 5 with 5 being the highest security risk.

24.    ASPC-Tucson is the largest ADC prison complex.

25.    Rincon Unit is a unit within ASPC-Tucson.

26.    Rincon Unit houses inmates who are classified at security level 4 or 5; therefore, Rincon Unit houses some of the highest security level inmates within ADC.

27.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 have been on notice since 2016 that "ADC does not employ sound correctional practices, and that the safety of ADC staff, inmates and the public has been compromised," including at Rincon Unit. *See Russett v. State of Arizona, et al.*, Case No. 2:16-cv-00431-ROS.

28.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 have known since 2016 that state-run prisons are understaffed and contain too many violent offenders to be effectively controlled by staff. *Id*.

29.    Because of persistent long-term understaffing, there is a widespread and well-established practice and custom of officers and officials within ADC abdicating their authority to inmate leaders and relying on the inmates themselves to enforce prison rules and maintain order in the prisons, including the Rincon Unit and other high security units at

5

ASPC-Tucson. *See Murillo et al. v. State of Arizona, et al.*, Case No. 2:20-cv-01580-DJH-JZB.

30.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 are aware of this unofficial custom and practice at Rincon Unit and are aware that it creates a substantial risk of harm to the public, staff, and inmates.

31.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that chronic understaffing within state prisons, including ASPC-Tucson, results in the inadequate supervision of inmates and places civilian workers who work within the prison at substantial risk of serious harm.

32.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that allowing inmates in higher security levels to be in close proximity to civilian workers with little or no supervision creates a substantial risk of inmate-on-staff violence.

33.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that the risk of harm is especially severe for female civilian workers.

34.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 know that civilian workers within state prisons receive little or no defensive training and do not have the authority or ability to control inmates or protect themselves from inmate-on-staff violence.

35.    As an example, in January 2014, an inmate and convicted sex offender stabbed and sexually assaulted a female teacher at ASPC-Eyman after the inmate was left with the teacher unsupervised. The State of Arizona ultimately settled with the victim for $3 million.

### ADC's Prisoner Labor Classification System

36.    Pursuant to A.R.S. § 31-251, the ADC Director, Defendant Thornell, has the authority to require able-bodied inmates to participate in work assignments.

37.    The statute requires Defendant Thornell to establish a "prisoner labor classification system" to ensure, among other things, that "[n]o prisoner participates in a work assignment that threatens the safety or security of the public, the correctional institution or the prisoner."

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:   (602) 265-0267

38. The statute further requires that "[e]ach prisoner committed to the department shall be classified pursuant to the prisoner labor classification system established by the director."

39. On information and belief, Defendant Thornell established, promulgated, and maintained a prisoner labor classification system.

40. At all times relevant herein, Demarco Hines was an inmate under ADC's custody and control and was housed in the Rincon Unit at ASPC-Tucson.

41. Inmate Hines was admitted to ADC's custody on December 10, 2019, to serve a sentence for convictions of armed robbery and theft of means of transportation.

42. Between February 2020 and September 2023, Inmate Hines received at least eighteen (18) disciplinary infractions, including stalking a staff member, disorderly conduct, disrupting an institution, fighting, criminal damage, threatening or intimidating, indecent exposure, and four separate incidents of aggravated refusal of an assignment.

43. In September 2023, Inmate Hines was classified as a high security risk and was held in close custody.

44. ADC Department Order 801 defines a high security risk ("IR 4") as "a high risk to the public, staff, and other inmates, of escape or committing violence within the perimeter and/or under the direct supervision of Department staff."

45. ADC Department Order 801 defines inmates in "close custody" as "[i]nmates who represent a high risk to the public and staff. These inmates shall not be assigned to work outside the secure perimeter of an institution. These inmates require controlled movement within the institution."

46. On information and belief, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 classified, reviewed, approved, and assigned Inmate Hines for a work assignment within the Rincon Unit using the prisoner labor classification system.

47. Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew of Inmate Hines' significant history of violence and sexual misconduct, including

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:   (602) 265-0267

7

**ROBBINS CURTIN MILLEA & SHOWALTER, LLC**
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

his conviction for armed robbery and his disciplinary infractions for stalking a staff member, indecent exposure, fighting, and threatening or intimidating, among other infractions.

48.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew of Inmate Hines' security risk level and custody level, and they therefore knew that Inmate Hines presented a high risk of harm to staff, civilian workers, and inmates and that he required controlled movement within the prison.

49.    Despite their knowledge of Inmate Hines and the risk he posed to staff, civilian workers, and inmates, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 approved and assigned Inmate Hines to work in the Rincon Unit kitchen, where he would work with and under the direction of civilian kitchen workers, including Plaintiff.

50.    The prisoner labor classification system established and maintained by Defendant Thornell was defective in that it allowed a violent and dangerous high-security inmate to be permitted to work with civilian workers and thus created a danger to civilian workers, including Plaintiff.

51.    Even if the prisoner labor classification system itself was not defective, Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 improperly classified Inmate Hines for the work assignment despite their knowledge that he posed a substantial risk of harm to civilian workers and thus created a danger to civilian workers, including Plaintiff.

52.    Defendants State of Arizona, Thornell, Josefowicz, and John and Jane Does 1-40 knew that because of persistent understaffing of corrections personnel and the practice or custom of allowing inmates to enforce and maintain order within the prison, high security inmates, including Inmate Hines, would not be consistently or adequately supervised while performing work assignments with civilian workers.

### The September 28, 2023, Assault of Plaintiff O.W.

53.    In September 2023, then 23-year-old Plaintiff O.W. was an employee of Defendant TKC Holdings and its subsidiary, Defendant Trinity.

8

54. At all times alleged herein, Defendant Trinity had contracted with ADC to provide inmate food and commissary services at ASPC-Tucson, including Rincon Unit.

55. Defendants TKC Holdings and Trinity knew that their employees, particularly female employees, would be exposed to dangerous, high-security risk inmates that posed a substantial risk of serious harm to workers at ASPC-Tucson, including Rincon Unit.

56. Defendants TKC Holdings and Trinity also suffered from understaffing at ASPC-Tucson.

57. Plaintiff was normally supposed to work with at least two other TKC Holdings/Trinity employees, but because of understaffing, she often had to work alone.

58. Plaintiff also frequently performed inmate jobs, like washing dishes, because the inmates refused to follow the directions of Plaintiff, other TKC Holdings/Trinity employees, and corrections staff.

59. The only corrections officer who tried to maintain order in the kitchen was moved to a different position at the insistence of the inmates because the officer would write disciplinary tickets.

60. Upon information and belief, prior to the subject incident, O.W. submitted incident reports to Defendants and/or Trinity employees on several inmates in the Rincon Unit who posed threats to her and/or other Trinity employees.

61. On the morning of September 28, 2023, Plaintiff was working in the kitchen of the Rincon Unit.

62. Defendants Corporal Kaylan Nasta and COII Talon Hanks were the corrections staff assigned to the Rincon kitchen and were responsible for supervising, monitoring, and controlling the inmate laborers, including Inmate Hines.

63. Defendants Nasta and Hanks knew that Inmate Hines was classified as a high security risk and was in close custody and therefore knew he posed a high risk of serious harm to staff, civilian workers, and other inmates.

64. Defendants Nasta and Hanks knew that Inmate Hines required controlled movement within the prison.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

9

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona  85012
Telephone:  (602) 400-4400  ♦  Fax:    (602) 265-0267

65.     On information and belief, Defendants Nasta and Hanks were aware that Inmate Hines had previous disciplinary infractions including stalking a staff member and indecent exposure and therefore knew that Inmate Hines posed a high risk of violence and sexual misconduct toward staff and civilian workers.

66.     At approximately 10:13 a.m., Inmate Hines was working his assigned position in the Rincon kitchen.

67.     Inmate Hines asked a TKC Holdings/Trinity employee, Rhonda Lehner, to let him into a small dining area so he could sweep.

68.     Ms. Lehner unlocked the door to the dining area and let Inmate Hines into the room.

69.     Defendant Nasta entered the small dining area two times between 10:19 and 10:28 a.m., possibly to check on Inmate Hines.

70.     After 10:29 a.m., Inmate Hines was left alone and unsupervised in the dining area with unrestricted access to the dining area and the staff restroom located inside it.

71.     At the time, Defendants Nasta and Hanks had both left the kitchen and had left Inmate Hines unsupervised.

72.     Defendant Hanks had taken a group of inmate laborers outside for a smoke break, and Defendant Nasta is believed to have been in the control room.

73.     At 10:37 a.m., Plaintiff entered the small dining area to use the staff restroom.

74.     This was the only staff restroom available for Plaintiff to use as a civilian kitchen worker.

75.     On her way to the restroom, Plaintiff saw Inmate Hines sweeping the dining area.

76.     While she was in the restroom, Plaintiff saw a shadow under the door, which she believed was Inmate Hines walking around and sweeping.

77.     Plaintiff washed her hands and began to exit the restroom.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

78.     As Plaintiff began to open the bathroom door, Inmate Hines forcibly pushed the door open, knocked her radio out of her shirt pocket, and punched her several times in the abdomen.

79.     Plaintiff fell to the ground.

80.     Inmate Hines began to choke Plaintiff and threatened to kill her if she yelled again.

81.     Plaintiff screamed and begged Inmate Hines to stop.

82.     Inmate Hines choked Plaintiff and restricted her airway until she lost consciousness.

83.     Inmate Hines violently sexually assaulted Plaintiff.

84.     Plaintiff regained consciousness during the sexual assault.

85.     After the assault, Inmate Hines pleaded with Plaintiff not to tell anyone what he did.

86.     Plaintiff heard keys clinking as someone walked toward the staff restroom.

87.     At approximately 10:58 a.m., Ms. Lehner opened the door to the staff restroom.

88.     Inmate Hines pretended to be helping Plaintiff and acted as though she had fallen.

89.     Plaintiff ran out of the bathroom and went directly to the Trinity office, where she initiated an ICS, an internal prison emergency.

90.     Plaintiff was crying hysterically and in extreme distress.

91.     Plaintiff was transported by ambulance to Tucson Medical Center Emergency Room where her injuries were evaluated and forensic evidence was obtained.

92.     Criminal investigators with ADC's Criminal Investigations Unit ("CIU") later determined that Inmate Hines' attack on Plaintiff had been premeditated.

93.     On September 29, 2023, a CIU investigator interviewed an inmate whose identity is presently unknown to Plaintiff.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

94.    The inmate reported that before the assault, Inmate Hines got high on spice (synthetic marijuana) and stated, "Today's the day, I'm gonna get that, that bitch is mine, I'm getting that."

95.    The inmate also reported that he had overheard Inmate Hines speaking with another inmate about sexually assaulting female staff members.

96.    On March 6, 2024, Inmate Hines was indicted on the following charges directly related to the subject incident:

Count One: Kidnap-Inflict Death/Injury/Sex Offense/Aid in Felony, a Class Two Felony;

Count Two: Sexual Assault, a Class Two Felony;

Count Three: Sexual Abuse, a Class Five Felony; and

Count Four: Aggravated Assault on a Corrections Employee, a Class Five Felony. Inmate Hines is currently awaiting trial, which is scheduled to begin on March 24, 2025.

97.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, pain and suffering, humiliation, grief, and fear.

98.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff has incurred and will continue to incur medical expenses, lost wages, and other economic and non-economic losses.

## <u>COUNT ONE</u>

### **42 U.S.C. § 1983 – Violation of Due Process/State-Created Danger**
### **(Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40)**

99.    The foregoing paragraphs are incorporated as if fully set forth herein.

100.    The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

101.    Under the state-created danger doctrine, a state actor is liable under 42 U.S.C. § 1983 and the Fourteenth Amendment when the state actor participates in creating a dangerous condition and acts with deliberate indifference to the known or obvious danger in

subjecting the plaintiff to it. *See L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996) ("*Grubbs II*").

102.    Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 violated Plaintiff's right to due process under the Fourteenth Amendment because they each engaged in affirmative conduct that created or exposed Plaintiff to an actual, particularized danger that she would not have otherwise faced, and they were deliberately indifferent to the known or obvious danger their actions created. *See id.*; *Gorsline v. Daniels*, 674 F. Supp. 3d 968, 978 (D. Nev. 2023).

103.    Defendant Thornell engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

a.  Establishing, promulgating, and maintaining the prisoner labor classification system whereby Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, as assigned to a work assignment with civilian workers;

b.  Establishing and condoning an unofficial policy where, because of understaffing, inmates at ASPC-Tucson were allowed to enforce and maintain order within the prison;

c.  Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers.

104.    Defendant Thornell was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

105.    Defendant Josefowicz engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona  85012
Telephone: (602) 400-4400  ♦  Fax:  (602) 265-0267

13

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:  (602) 265-0267

a.   Establishing and condoning an unofficial policy where, because of understaffing, inmates at ASPC-Tucson were allowed to enforce and maintain order within the prison;

b.   Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers.

106.   Defendant Josefowicz was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

107.   Defendant Nasta engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by leaving Inmate Hines unsupervised in the Rincon kitchen with unrestricted access to the staff restroom.

108.   Defendant Nasta left Inmate Hines entirely unsupervised for approximately 30 minutes, including the approximately 20 minutes that Inmate Hines spent committing the sexual assault against Plaintiff.

109.   Defendant Nasta was deliberately indifferent to the known or obvious danger her actions created because she knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

110.   Defendant Nasta also knew that, at the time of the assault, Inmate Hines had unrestricted and unsupervised access to female civilian kitchen workers and the staff restroom in the Rincon kitchen.

111.   Defendant Hanks engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by leaving Inmate Hines unsupervised in the Rincon kitchen while taking a group of inmate laborers outside for a break.

112.   Defendant Hanks was deliberately indifferent to the known or obvious danger his actions created because he knew that Inmate Hines was a high security risk inmate with

14

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

113. By leaving Inmate Hines unsupervised in the Rincon kitchen, Defendants Nasta and Hanks were acting in accordance with the unofficial policy or custom of allowing inmates to enforce and maintain order themselves.

114. Defendants John and Jane Does 1-40 are certain unknown ADC employees, corrections officers, shift commanders, sergeants, lieutenants, captains, and/or deputy wardens that, on information and belief, engaged in affirmative conduct that exposed Plaintiff to an actual, particularized danger by:

    a. Approving and assigning Inmate Hines, a high security risk inmate with a history of violence and sexual misconduct, to a work assignment with civilian workers; and/or

    b. Failing to fulfill their duties and responsibilities to supervise Inmate Hines at the time of the assault, thereby leaving Plaintiff unprotected in the Rincon kitchen.

115. Defendants John and Jane Does 1-40 were deliberately indifferent to the known or obvious danger his actions created because they knew that Inmate Hines was a high security risk inmate with a history of violence and sexual misconduct and that he posed a substantial risk of serious harm to civilian workers, including Plaintiff.

116. At all times alleged herein, Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 were acting under the color of state law because their actions were undertaken while exercising their responsibilities as officials and officers of ADC.

117. Plaintiff to right to due process and the state-created danger doctrine have been clearly established since at least 1996, when the Ninth Circuit decided *Grubbs II*. Therefore, Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40 are not entitled to qualified immunity.

118. As a result of Defendants' violation of the Fourteenth Amendment, Plaintiff suffered physical, mental, and emotional harm. Plaintiff has experienced severe emotional

1  distress, humiliation, grief, and fear, and has incurred medical expenses, lost wages, and

2  other economic and non-economic losses.

3      119.    Defendants' actions were done knowingly, intentionally, and maliciously;

4  therefore, Plaintiff is entitled to recover punitive damages.

5                              **COUNT TWO**

6              **Intentional Infliction of Emotional Distress**
                        **(Defendant State of Arizona)**

7      120.    The foregoing paragraphs are incorporated as if fully set forth herein.

8      121.    Defendant State of Arizona and its agents and employees engaged in conduct

9  that was extreme and outrageous by:

10         a.  Creating a dangerous work environment for civilian workers in the Rincon

11             Unit of ASPC-Tucson by establishing and condoning an unofficial policy of

12             abdicating authority to inmates at ASPC-Tucson and allowing inmates

13             themselves to enforce and maintain order within the prison;

14         b.  Approving and assigning a high security risk inmate with a history of violence

15             and sexual misconduct to a work assignment with civilian workers; and

16         c.  Allowing a high security risk inmate with a history of violence and sexual

17             misconduct to have unsupervised and unrestricted access to a restroom

18             designated as a restroom for female civilian kitchen workers.

19      122.    Defendant State of Arizona and its agents and employees either intended to

20  cause Plaintiff emotional distress or recklessly disregarded the near certainty that distress

21  would result.

22      123.    The conduct of Defendant State of Arizona and its agents and employees

23  caused Plaintiff to suffer severe emotional distress, including anxiety, depression, post-

24  traumatic stress, humiliation, grief, and fear.

25      124.    The conduct of Defendant State of Arizona and its agents and employees

26  caused Plaintiff to incur medical expenses, lost wages, and other economic and non-

27  economic losses.

28

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

16

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

## COUNT THREE

**Negligence / Gross Negligence**
**Failure to Adequately Staff, Train, Supervise, and Monitor**
**(Defendant State of Arizona)**

125.    The foregoing paragraphs are incorporated as if fully set forth herein.

126.    Defendant State of Arizona and ADC, through their employees, have a duty to exercise due care in the performance of their duties and responsibilities.

127.    Defendant State of Arizona and ADC breached that duty by:

   a.   Establishing and condoning an unofficial policy of abdicating authority to inmates at ASPC-Tucson and allowing inmates themselves to enforce and maintain order within the prison;

   b.   Approving and assigning a high security risk inmate with a history of violence and sexual misconduct to a work assignment with civilian workers;

   c.   Failing to maintain adequate staffing levels within ASPC-Tucson;

   d.   Failing to adequately supervise, monitor, and control inmates, including those inmates assigned to work with civilian workers;

   e.   Failing to adequately train corrections staff on the proper supervision, monitoring, and control of inmates;

   f.   Failing to adequately train, educate, and oversee staff with respect to inmate-on-staff violence;

   g.   Failing to take reasonable precautions to protect civilian workers, including Plaintiff, from violence at the hands of inmates; and

   h.   Failing to provide civilian kitchen workers in Rincon Unit with a safe restroom that was inaccessible to unsupervised inmates.

128.    Defendant State of Arizona knew or should have known that Inmate Hines had been convicted of a violent crime and had numerous disciplinary infractions demonstrating a history of violence and sexual misconduct toward staff within the prison.

129.    Defendant State of Arizona knew or should have known that Inmate Hines had expressed his plan to commit a premeditated sexual assault on Plaintiff.

17

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:   (602) 265-0267

130.    Defendant State of Arizona knew or should have known that its conduct created an unreasonable risk of bodily harm to Plaintiff and other civilian workers and that there was a high probability that substantial harm would result.

131.    As a direct result of Defendant State of Arizona's negligent, grossly negligent, willful, wanton, and/or reckless conduct, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic losses.

### COUNT FOUR

**Negligence / Gross Negligence**
**Vicarious Liability**
**(Defendant State of Arizona)**

132.    The foregoing paragraphs are incorporated as if fully set forth herein.

133.    Defendant State of Arizona and its agents and employees acting within the course and scope of their employment, including Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, owed duties of reasonable care to Plaintiff.

134.    Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, breached those duties by approving and assigning Inmate Hines to a work assignment where he worked with civilians and by failing to adequately supervise him during the work assignment.

135.    Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, knew or should have known that Inmate Hines had been convicted of a violent crime and had numerous disciplinary infractions demonstrating a history of violence and sexual misconduct toward staff within the prison.

136.    Defendant State of Arizona, through its employees Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40, knew or should have known that Inmate Hines had expressed his plan to commit a premeditated sexual assault on Plaintiff.

18

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix - Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

137.    Defendant State of Arizona and its agents and employees knew or should have known that their conduct created an unreasonable risk of bodily harm to Plaintiff and other civilian workers and that there was a high probability that substantial harm would result.

138.    Defendant State of Arizona is vicariously liable for the conduct of its employees.

139.    As a direct result of the negligent, grossly negligent, willful, wanton, and/or reckless conduct of Defendant State of Arizona and its employees, Plaintiff suffered physical, mental, and emotional harm, severe emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost wages, and other economic losses.

## COUNT FIVE

### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*
### Sex Discrimination, Hostile Work Environment
### (Against Defendants TKC Holdings and Trinity)

140.    The foregoing paragraphs are incorporated as if fully set forth herein.

141.    Defendants TKC Holdings and Trinity, through their agents and employees, subjected Plaintiff to a hostile work environment and discrimination based on her sex and gender.

142.    The sexual assault by non-employee Inmate Hines was intentional and created an intimidating, oppressive, offensive, and hostile work environment which interfered with Plaintiff's physical, mental, and emotional well-being and her work performance. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967–68 (9th Cir. 2002).

143.    The sexual assault by Inmate Hines was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. Although the sexual assault was a single incident, it was extremely brutal, shocking, traumatizing, and life-threatening for Plaintiff.

144.    Defendants TKC Holdings and Trinity knew or should have known that their female employees were at risk of sexual discrimination, harassment, and assault by inmates,

19

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix,- Arizona 85012
Telephone: (602) 400-4400 ◆ Fax: (602) 265-0267

1  particularly high security risk inmates such as Inmate Hines. *See id.*; *Turnbull v. Topeka*
2  *State Hosp.*, 255 F.3d 1238, 1244 (10th Cir. 2001).

3      145.   Defendants TKC Holdings and Trinity failed to exercise reasonable care to
4  prevent sexual discrimination, harassment, and assault of their female employees, including
5  Plaintiff.

6      146.   Defendants TKC Holdings and Trinity failed to provide adequate staffing,
7  supervision, monitoring and control of the work environment in order to protect and prevent
8  their female employees from being subjected to sexual discrimination, harassment, and
9  assault.

10     147.   Defendants TKC Holdings and Trinity failed to provide a safe restroom for
11 female employees that was inaccessible to male inmates working in the Rincon kitchen.

12     148.   Defendants TKC Holdings and Trinity failed to maintain adequate anti-
13 harassment policies and procedures and failed to ensure that anti-harassment policies and
14 procedures were effective and were followed.

15     149.   The sex discrimination and hostile work environment would have
16 detrimentally affected a reasonable person in Plaintiff's position.

17     150.   The sex discrimination and hostile work environment did, in fact,
18 detrimentally affect Plaintiff and caused harm to her physical, mental, and emotional well-
19 being.

20     151.   Plaintiff has not been able to return to work since the day of the assault.

21     152.   As a result of the conduct of Defendants TKC Holdings and Trinity and their
22 agents and employees, Plaintiff has suffered physical, mental, and emotional harm, severe
23 emotional distress, humiliation, grief, and fear, and she has incurred medical expenses, lost
24 wages, and other economic and non-economic losses.

25     153.   Defendants TKC Holdings and Trinity's actions were undertaken with malice
26 or reckless indifference; therefore, Plaintiff is entitled to punitive damages.

27                          **PRAYER FOR RELIEF**

28     WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

                                    20

A.    For special and general compensatory damages, including for past and future medical expenses, lost wages, emotional distress, and loss of enjoyment of life;

B.    For punitive damages against Defendants Thornell, Josefowicz, Nasta, Hanks, TKC Holdings, Trinity, and John and Jane Does 1-40, to the extent permitted by law;

C.    For attorneys' fees and costs under 42 U.S.C. § 1988 to the extent permitted by law;

D.    For pre- and post-judgment interest to the extent permitted by law;

E.    For fees and expenses, including taxable costs, to the extent permitted by law; and

F.    For such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: September 27, 2024.

ROBBINS & CURTIN, p.l.l.c.

By:    /s/ Jesse M. Showalter
       Jesse M. Showalter
       Lauren E. Channell
       301 E. Bethany Home, #B-100
       Phoenix, AZ    85012
       *Attorneys for Plaintiff*

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, - Arizona 85012
Telephone: (602) 400-4400 ♦ Fax:   (602) 265-0267

21

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589680

**Plaintiff's Attorneys:**

Jesse M Showalter - Primary Attorney
Bar Number: 026628, issuing State: AZ
Law Firm: Robbins Curtin Millea & Showalter, LLC
301 E. Bethany Home, #b-100
Phoenix, AZ 85012
Telephone Number: (602)400-4400
Email address: jesse@rcmslaw.com

Lauren E. Channell
Bar Number: 033484, issuing State: AZ
Law Firm: Robbins Curtin Millea & Showalter, LLC
Telephone Number: (602)400-4400

**CV2024-027267**

**Plaintiff:**

O. W.

**Defendants:**

State of Arizona

Ryan Thornell

Christopher Josefowicz

Kaylan Nasta

Talon Hanks

TKC Holdings, Inc.

Trinity Services Group, Inc.

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Intentional Tort

AZTurboCourt.gov Form Set #10308095

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589681

Person/Attorney Filing: Jesse M Showalter
Mailing Address: 301 E. Bethany Home, #b-100
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)400-4400
E-Mail Address: jesse@rcmslaw.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026628, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

O. W.
Plaintiff(s),
v.
State of Arizona, et al.
Defendant(s).

Case No.  **CV2024-027267**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this September 27, 2024

By: Jesse M Showalter /s/
Plaintiff/Attorney for Plaintiff

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code: Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [ □ ] Self or [ ⊠ ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589683

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: CV2024-027267

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully.
> If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Ryan Thornell
_____
Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org  Sponsored by the Maricopa County Bar Association.

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code:  Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [☐  ] Self or [☒  ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589686

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

| WARNING:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Talon Hanks
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

**3.**     If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.**     You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.**     Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.**     Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code:  Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589688

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

| |
|---|
| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |

**FROM THE STATE OF ARIZONA TO:** Trinity Services Group, Inc.
_____
Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

*AZturboCourt.gov Form Set #10308095*

**3.**      If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.**      You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.**      Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.**      Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589685

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code:  Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [□  ] Self or [☒  ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

**WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help.

**FROM THE STATE OF ARIZONA TO:** Kaylan Nasta
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

**3.**     If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.**     You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.**     Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.**     Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code: Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589687

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully.  If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** TKC Holdings, Inc.
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to <u>Clerk of the Superior Court,</u> or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

**3.**    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

**4.**    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

**5.**    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

**6.**    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code: Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [ ☐ ] Self or [ ☒ ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589684

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.
_____
Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Christopher Josefowicz
_____
Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

*AZturboCourt.gov Form Set #10308095*

Arizona Supreme Court
Summons

EFCV11f-042523

Person Filing: Jesse M Showalter
Address (if not protected): 301 E. Bethany Home, #b-100
City, State, Zip Code:  Phoenix, AZ 85012
Telephone: (602)400-4400
Email Address: jesse@rcmslaw.com
Representing [☐ ] Self or [☒ ] Attorney for:
Lawyer's Bar Number: 026628, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
9/27/2024 12:12:52 PM
Filing ID 18589682

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2024-027267**

O. W.

Name of Plaintiff

**SUMMONS**

AND

State of Arizona, et al.

Name of Defendant

| WARNING: This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** State of Arizona

Name of Defendant

1. **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10308095

3.  If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *September 27, 2024*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**

12/04/2024

by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

11/30/2024

COURT ADMINISTRATION

**Case Number:** CV2024-027267

**O W**

**V.**

**State Of Arizona**

The Judge assigned to this action is the Honorable Michael D Gordon

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/27/2024 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 12/26/2024. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

ROBBINS & CURTIN
RECEIVED
DEC 0 9 2024
OFFICE OF
JOEL B. ROBBINS

**Jesse M Showalter**
301 E BETHANY HOME RD
STE B-100
PHOENIX, AZ    United States    85012-0001

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number:  CV2024-027267

| Party Name | Attorney Name | |
|---|---|---|
| O W | Jesse M Showalter | Bar ID:  026628 |

1

**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151

2
Tucson, Arizona 85718
Telephone: (520) 792-4800

3
Facsimile: (520) 529-4262
mdlammers@rllaz.com

4
zkotzambasis@rllaz.com

5
Mark D. Lammers
State Bar No. 010335

6
Zoey Kotzambasis
State Bar No. 034607

7
*Attorneys for Defendants State of Arizona, Ryan Thornell,*
*Christopher Josefowicz, Kaylan Nasta, and Talon Hanks*

8

9
**UNITED STATES DISTRICT COURT**

10
**DISTRICT OF ARIZONA**

11
O.W., an individual,

| | |
|---|---|
| 12  Plaintiff, | NO. _____ |
| 13  vs. | (Maricopa County Superior Court, Case No. CV2024-027267) |
| 14  State of Arizona, a body politic; Ryan | **DEFENDANTS' VERIFICATION OF** |
| 15  Thornell, an individual, on his own behalf and on behalf of his marital community; | **REMOVAL FILINGS** |
| 16  Christopher Josefowicz, an individual, on his own behalf and on behalf of his marital | (Assigned to Hon. _____) |
| 17  community; Kaylan Nasta, an individual, on his own behalf and on behalf of her | |
| 18  marital community; Talon Hanks, an individual, on his own behalf and on | |
| 19  behalf of his marital community; TKC Holdings, Inc., a Missouri corporation; | |
| 20  Trinity Services Group, Inc. a Florida corporation; and John and Jane Doe 1-40, | |
| 21 | |
| 22  Defendants. | |

23

24
        Pursuant to Local Rule 3.6, undersigned counsel for Defendants State of Arizona,

25
Ryan Thornell, Christopher Josefowicz, Kaylan Nasta, and Talon Hanks verifies that true and

26
complete copies of all pleadings and other documents filed in the state court action, Maricopa

County Superior Court, No. C2024-027267, were filed as Exhibits C, D, and E to Defendants'

Notice of Removal.

      DATED this January 6, 2025.

                        **RUSING LOPEZ & LIZARDI, P.L.L.C.**

                        ***/s/ Mark D. Lammers***
                             Mark D. Lammers
                             Zoey Kotzambasis
                             *Attorneys for Defendants State of Arizona,*
                             *Ryan Thornell, Christopher Josefowicz,*
                             *Kaylan Nasta, and Talon Hanks*

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

# EXHIBIT G

1 | **RUSING LOPEZ & LIZARDI, P.L.L.C.**
2 | 6363 North Swan Road, Suite 151
  | Tucson, Arizona 85718
3 | Telephone: (520) 792-4800
  | Facsimile: (520) 529-4262
4 | mdlammers@rllaz.com
  | zkotzambasis@rllaz.com
5 |
  | Mark D. Lammers
6 | State Bar No. 010335; PAN 330131
  | Zoey Kotzambasis
7 | State Bar No. 034607; PAN 67451
  | *Attorneys for Defendants State of Arizona, Ryan Thornell,*
8 | *Christopher Josefowicz, Kaylan Nasta, and Talon Hanks*

9 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10 | **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| O.W., an individual, | **Case No. CV2024-027267** |
| Plaintiff, | **STATE DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| State of Arizona, a body politic; Ryan Thornell, an individual, on his own behalf and on behalf of his marital community; Christopher Josefowicz, an individual, on his own behalf and on behalf of his marital community; Kaylan Nasta, an individual, on his own behalf and on behalf of her marital community; Talon Hanks, an individual, on his own behalf and on behalf of his marital community; TKC Holdings, Inc., a Missouri corporation; Trinity Services Group, Inc. a Florida corporation; and John and Jane Doe 1-40, | (Assigned to Hon. Christopher Whitten) |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court, District of Arizona, on January 6, 2025, a true and correct copy is attached hereto as **Exhibit 1** and is served and filed herewith.

DATED this January 6, 2025.

RUSING LOPEZ & LIZARDI, P.L.L.C.

*/s/ Mark D. Lammers*

Mark D. Lammers
Zoey Kotzambasis
*Attorneys for Defendants State of Arizona,
Ryan Thornell, Christopher Josefowicz,
Kaylan Nasta, and Talon Hanks*

ORIGINAL e-filed via AZTurboCourt this
January 6, 2025.

COPY e-served via AZTurboCourt this
January 6, 2025, to:

Jesse M. Showalter
Lauren E. Channel
ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home, #B-100
Phoenix, Arizona 85012
jesse@rcmslaw.com
lauren@rcmslaw.com
*Attorneys for Plaintiff*

By:    */s/ Aneta Wrzeszcz*

Notice of Removal (State Court)(63558253.1)

*Rusing Lopez & Lizardi, P.L.L.C.*
6363 North Swan Road, Suite 151
Tucson, Arizona  85718
Telephone: (520) 792-4800

2