**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262
mdlammers@rllaz.com
zkotzambasis@rllaz.com

Mark D. Lammers
State Bar No. 010335
Zoey Kotzambasis
State Bar No. 034607
*Attorneys for Defendants State of Arizona, Ryan Thornell,*
*Christopher Josefowicz, Kaylan Nasta, and Talon Hanks*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| O.W., an individual,<br><br>                        Plaintiff,<br><br>vs.<br><br>State of Arizona, a body politic; Ryan Thornell, an individual, on his own behalf and on behalf of his marital community; Christopher Josefowicz, an individual, on his own behalf and on behalf of his marital community; Kaylan Nasta, an individual, on his own behalf and on behalf of her marital community; Talon Hanks, an individual, on his own behalf and on behalf of his marital community; TKC Holdings, Inc., a Missouri corporation; Trinity Services Group, Inc. a Florida corporation; and John and Jane Doe 1-40,<br><br>                        Defendants. | NO. 2:25-cv-00044-DWL<br><br>(Maricopa County Superior Court, Case No. CV2024-027267)<br><br>**DEFENDANTS STATE OF ARIZONA, RYAN THORNELL, CHRISTOPHER JOSEFOWICZ, KAYLAN NASTA, AND TALON HANKS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Assigned to Hon. Dominic W. Lanza) |

Defendants State of Arizona, Ryan Thornell, Christopher Josefowicz, Kaylan Nasta, and Talon Hanks (collectively "Defendants"), for their Answer to Plaintiff's First Amended Complaint admit, deny, and allege as follows:

## PARTIES

1. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore deny the same.
2. Defendants admit the allegations in paragraph 2.
3. Defendants admit the allegations in paragraph 3.
4. Defendants admit the allegations in paragraph 4.
5. Defendants admit the allegations in paragraph 5.
6. Defendants admit the allegations in paragraph 6.
7. Defendants admit the allegations in paragraph 7.
8. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny the same.
9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the same.
10. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny the same.
11. Defendant State of Arizona admits the allegations in paragraph 11.
12. Paragraph 12 calls for a legal conclusion to which no response is required; to the extent a response is required, Defendant State of Arizona denies the same.
13. Paragraph 13 calls for a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the same.
14. Paragraph 14 contains legal conclusions to which no response is required; to the extent a response is required, Defendant State of Arizona denies the same.

## JURISDICTION AND VENUE

15. Defendants admit the amount in controversy that Plaintiff seeks exceeds the jurisdictional threshold of the court in which this action was originally filed, but Defendants deny any liability.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

16. Defendants deny that venue is proper in the Superior Court in and for Maricopa County and Defendants have removed this case to the United States District Court for the District of Arizona.
17. Defendant State of Arizona admits that Plaintiff served a notice of claim in March and that Defendant State of Arizona did not respond to the notice of claim. The remaining allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.
18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.
19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.
20. Defendant State of Arizona admits that Plaintiff filed a charge of discrimination with the EEOC against Defendant State of Arizona and that the United States Department of Justice issued a Notice of Right to Sue on November 14, 2024 and Plaintiff filed her First Amended Complaint on December 13, 2024.
21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

**RULE 26.2 TIER DESIGNATION**

22. Because Defendants removed this case to federal court, Arizona's tier designations do not apply and no response is required. To the extent a response is required, Defendants admit that if this case had remained in state court, it would have been a Tier III case under Arizona Rules of Civil Procedure 26.2 based on the number of damages that Plaintiff seeks.

**DEMAND FOR JURY TRIAL**

23. Paragraph 23 does not require a response.

# GENERAL ALLEGATIONS

## Persistent Staffing Issues within ADC and Rincon Unit

24. Defendants deny the allegations about "anticipated risk" in paragraph 24 as vague and admit the other allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants admit the allegations in paragraph 36.

## ADC's Prisoner Labor Classification System

37. Paragraph 37 calls for a legal conclusion to which no response is required. To the extent a response it required, Defendants admit the allegations in paragraph 37.

38. Paragraph 38 calls for a legal conclusion to which no response is required. To the extent a response it required, Defendants admit the allegations in paragraph 38.

39. Paragraph 39 calls for a legal conclusion to which no response is required. To the extent a response it required, Defendants admit the allegations in paragraph 39.

40. Defendants admit the allegations in paragraph 40.

41. Defendants admit the allegations in paragraph 41.

42. Defendants admit the allegations in paragraph 42.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

43. Defendants admit the allegations in paragraph 43.
44. Defendants admit the allegations in paragraph 44.
45. Defendants admit the allegations in paragraph 45.
46. Defendants admit the allegations in paragraph 46.
47. Defendants are still investigating and are currently without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny the same.
48. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 48 and therefore deny the same.
49. Defendants deny the allegations in paragraph 49 as vague.
50. Defendants deny the allegations in paragraph 50 as vague.
51. Defendants deny the allegations in paragraph 51.
52. Defendants deny the allegations in paragraph 52.
53. Defendants deny the allegations in paragraph 53.

**The September 278, 2023, Assault of Plaintiff O.W.**

54. Defendants admit the allegations in paragraph 54.
55. Defendants admit the allegations in paragraph 55.
56. The allegations in paragraph 56 are directed at a different set of defendants, so a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the same.
57. The allegations in paragraph 57 are directed at a different set of defendants, so a response is not required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore deny the same.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.
59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.
60. Defendants deny the allegations in paragraph 60.
61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny the same.
62. Defendants admit the allegations in paragraph 62.
63. Defendants admit the allegations in paragraph 63.
64. Defendants deny the allegations in paragraph 64.
65. Defendants deny the allegations in paragraph 65 as vague.
66. Defendants deny the allegations in paragraph 66.
67. Defendants admit the allegations in paragraph 67 appear to be consistent with the ADCRR Office of Inspector General's Investigative Report ("OIG Report") regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
68. Defendants admit the allegations in paragraph 68 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
69. Defendants admit the allegations in paragraph 69 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
70. Defendants admit the allegations in paragraph 70 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

71. Defendants admit the allegations in paragraph 71 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
72. Defendants admit the allegations in paragraph 72 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
73. Defendants admit the allegations in paragraph 73 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
74. Defendants admit the allegations in paragraph 74 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
75. Defendants admit the allegations in paragraph 75.
76. Defendants admit the allegations in paragraph 76 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
77. Defendants admit the allegations in paragraph 77 appear to be consistent with the OIG Report regarding the incident but are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.
78. Defendants admit the allegations in paragraph 78 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
79. Defendants admit the allegations in paragraph 79 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

80. Defendants admit the allegations in paragraph 80 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
81. Defendants admit the allegations in paragraph 81 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
82. Defendants admit the allegations in paragraph 82 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
83. Defendants admit the allegations in paragraph 83 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
84. Defendants admit the allegations in paragraph 84 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
85. Defendants admit the allegations in paragraph 85 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
86. Defendants admit the allegations in paragraph 86 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.
87. Defendants admit the allegations in paragraph 87 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

88. Defendants admit the allegations in paragraph 88 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

89. Defendants admit the allegations in paragraph 89 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

90. Defendants admit the allegations in paragraph 90 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

91. Defendants admit the allegations in paragraph 91 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

92. Defendants admit the allegations in paragraph 92 appear to be consistent with the OIG Report, but Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

93. Defendants are without knowledge and information to form a belief as to the truth of the allegations in paragraph 93 and therefore deny the same.

94. Defendants admit the allegations in paragraph 94 appear to be consistent with the OIG Report but are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

95. Defendants admit the allegations in paragraph 95 appear to be consistent with the OIG Report but are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

96. Defendants admit the allegations in paragraph 96 appear to be consistent with the OIG Report but are without information or knowledge sufficient to form a belief as to the truth of the allegations and therefore deny the same.

Answer (Federal Court)(63563759.1)                          9

97. Defendants admit the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

## COUNT ONE

**42 U.S.C. § 1983 – Violation of Due Process/State-Created Danger**
**(Defendants Thornell, Josefowicz, Nasta, Hanks, and John and Jane Does 1-40)**

100. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 99 above as though fully set forth herein.

101. Defendants admit the allegations in paragraph 101.

102. Paragraph 102 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the *Grubbs II* case cited therein supports the conclusion in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

118. Defendants deny the allegations in paragraph 118.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

## COUNT TWO

**Intentional Infliction of Emotional Distress**
**(Defendant State of Arizona)**

121. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 120 above as though fully set forth herein.

122. Defendant State of Arizona denies the allegations in paragraph 122.

123. Defendant State of Arizona denies the allegations in paragraph 123.

124. Defendant State of Arizona denies the allegations in paragraph 124.

125. Defendant State of Arizona denies the allegations in paragraph 125.

## COUNT THREE

**Negligence / Gross Negligence**
**Failure to Adequately Staff, Train, Supervise, and Monitor**
**(Defendant State of Arizona)**

126. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 125 above as though fully set forth herein.

127. Defendant State of Arizona denies the allegations in paragraph 127 regarding due care as vague but admit it owes some duty.

128. Defendant State of Arizona denies the allegations in paragraph 128.

129. Defendant State of Arizona denies the allegations in paragraph 129.

130. Defendant State of Arizona denies the allegations in paragraph 130.

131. Defendant State of Arizona denies the allegations in paragraph 131.

132. Defendant State of Arizona denies the allegations in paragraph 132.

## COUNT FOUR

**Negligence / Gross Negligence**
**Vicarious Liability**
**(Defendant State of Arizona)**

133. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 132 above as though fully set forth herein.

134. Defendant State of Arizona denies the allegations in paragraph 134.

135. Defendant State of Arizona denies the allegations in paragraph 135.

136. Defendant State of Arizona denies the allegations in paragraph 136.

137. Defendant State of Arizona denies the allegations in paragraph 137.

138. Defendant State of Arizona denies the allegations in paragraph 138.

139. Defendant State of Arizona denies the allegations in paragraph 139.

140. Defendant State of Arizona denies the allegations in paragraph 140.

## COUNT FIVE

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.**
**Sex Discrimination, Hostile Work Environment**
**(Against Defendants TKC Holdings and Trinity)**

141. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 140 above as though fully set forth herein.

142. Paragraph 142 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

143. Paragraph 143 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

144. Paragraph 144 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

145. Paragraph 145 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

146. Paragraph 146 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

147. Paragraph 147 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

148. Paragraph 148 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

149. Paragraph 149 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

150. Paragraph 150 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

151. Paragraph 151 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

152. Paragraph 152 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

153. Paragraph 153 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

154. Paragraph 154 does not contain allegations which Defendants are obligated to answer. To the extent Defendants are obligated to answer, Defendants deny the allegations therein.

## COUNT SIX

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
Sex Discrimination, Hostile Work Environment
(Against Defendant State of Arizona)**

155. Defendants repeat and incorporate by reference all the answers contained in Paragraphs 1 through 154 above as though fully set forth herein.

156. Defendant State of Arizona denies the allegations in paragraph 156.

157. Defendant State of Arizona denies the allegations in paragraph 157.

158. Defendant State of Arizona denies the allegations in paragraph 158.

159. Defendant State of Arizona denies the allegations in paragraph 159.

160. Defendant State of Arizona denies the allegations in paragraph 160.

161. Defendant State of Arizona denies the allegations in paragraph 161.

162. Defendant State of Arizona denies the allegations in paragraph 162.

163. Defendant State of Arizona denies the allegations in paragraph 163.

164. Defendant State of Arizona denies the allegations in paragraph 164.

165. Defendant State of Arizona denies the allegations in paragraph 165.

166. Defendant State of Arizona denies the allegations in paragraph 166.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

167. Defendant State of Arizona denies the allegations in paragraph 167.
168. Defendant State of Arizona denies the allegations in paragraph 168.
169. Defendant State of Arizona denies the allegations in paragraph 169.
170. Defendant State of Arizona denies the allegations in paragraph 170.

## GENERAL DENIAL

171. Defendants deny each and every allegation in Plaintiff's First Amended Complaint not specifically admitted to herein.
172. Defendants deny that Plaintiff is entitled to any of the relief sought against Defendants in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

173. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.
174. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.
175. Defendants allege they may be immune pursuant to A.R.S. §§ 41-621, 12-821, 12-820.01, 12-820.02, 12-820.05, 12-820.04, quasi-judicial immunity, and other statutory and common law absolute and qualified immunities under state and federal law.
176. Defendants properly delegated their relevant duties to TKC Holdings, Inc. and/or Trinity Services Group, Inc.
177. Defendants are not liable for the alleged acts or omissions of any other Defendant in this action.
178. Defendants performed each and every duty to which they owed Plaintiff.
179. Defendants did not breach any alleged duty or obligation owed to Plaintiff.
180. No action or inaction on the part of Defendants and/or their agents, servants, employees, or representatives caused or contributed in any manner to the injuries alleged in Plaintiff's First Amended Complaint.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

181. Defendants deny that any of Defendants' alleged acts or omissions were the proximate cause of Plaintiff's alleged injuries.

182. Plaintiff's alleged injuries were the result of one or more intervening and superseding causes.

183. Plaintiff's alleged injuries resulted from persons, entities, conditions, and/or circumstances over which Defendants had no control and no right to control and for which Defendants had no responsibility.

184. Defendants, at all times relevant to Plaintiff's First Amended Complaint, acted in good faith.

185. Punitive damages are not available against Defendants to the extent they were acting in their official capacities and are not available for Plaintiff's state-law claims, and Plaintiff is not entitled to punitive damages under § 1983.

186. Plaintiff failed to mitigate damages.

187. Any damages or injuries sustained by Plaintiff were caused in whole or in part by the fault of other parties or non-parties, pursuant to A.R.S. § 12-2506(B).

188. Plaintiff's claims are barred, in whole or in part, by assumption of the risk.

189. To preserve defenses pending discovery, Defendants allege those defenses set forth in Rule 12, Fed. R. Civ. P. Defendants also allege any other affirmative defenses that may be revealed during discovery.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants request judgment as follows:

1. Plaintiff takes nothing herein;
2. For costs incurred in the defense of this matter; and
3. Such other and further relief as the Court deems just and proper.

DATED this January 24, 2025.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*/s/ Mark D. Lammers*
Mark D. Lammers
Zoey Kotzambasis
*Attorneys for Defendants State of Arizona, Ryan Thornell, Christopher Josefowicz, Kaylan Nasta, and Talon Hanks*

## CERTIFICATE OF SERVICE

I certify that on January 24, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record, with a copy to:

Jesse M. Showalter
Lauren E. Channell
ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home, #B-100
Phoenix, Arizona 85012
jesse@rcmslaw.com
lauren@rcmslaw.com
*Attorneys for Plaintiff*

By:     */s/ Joan Harris*

Answer (Federal Court)(63563759.1)         17