**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| O.W., | No. CV-25-00044-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

      In this action, Plaintiff O.W. alleges that in September 2023, when she was 23 years old and working as a civilian kitchen worker at the Rincon Unit of the Arizona State Prison Complex-Tucson, she was sexually assaulted by an inmate. (Doc. 1-1 at 18-21 ¶¶ 54-99.) Based on those allegations, Plaintiff has asserted various federal and state-law claims against the State of Arizona, the entities that employed her, and certain prison officials. (*Id.* at 11-12 ¶¶ 3-9.) Although Plaintiff filed suit in Maricopa County Superior Court, certain Defendants removed the action to federal court on the basis of federal-question jurisdiction. (Doc. 1.)

      At issue here is the fact that Plaintiff did not file suit under her true name. Instead, "[d]ue to the nature of the claims made," Plaintiff chose to identify herself in the complaint only "by her initials." (Doc. 1-1 at 10 ¶ 1.) In the Rule 26(f) report, Plaintiff states that she "is open to the Court's directives as to how to make Plaintiff's identity known to the Court without providing it in this publicly available report (i.e., a notice under seal, etc.)." (Doc. 19 at 2.)

Generally, the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (internal citations omitted). "Nevertheless, many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.* One circumstance in which "courts have permitted plaintiffs to use pseudonyms" is "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068 (internal quotation marks omitted). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* "District courts have broad discretion to determine whether a plaintiff may proceed anonymously." *Doe No. 1 v. Wynn Resorts Ltd.*, 2022 WL 3214651, *4 (D. Nev. 2022).

"With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, 2019 WL 1612828, *1 (C.D. Cal. 2019); *see also id.* ("Given the serious and sensitive nature of the allegations . . . , there is a high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names. Such personal embarrassment and emotional injury outweighs any potential prejudice to Defendants. Further, as other courts have held, allowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes."). Indeed, "[m]any cases allow people who allege they were sexually assaulted to be pseudonymous," although this approach is not absolute. Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1409 (2022); *see also Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 914 (7th Cir. 2024) ("Courts often extend the

1  protection of anonymity to victims of sex crimes . . . ."); *Wynn Resorts*, 2022 WL 3214651
2  at *8 (differentiating "sexual harassment" from "sexual assault" for purposes of
3  determining whether to allow plaintiffs to proceed under pseudonyms).

4        The Court concludes that O.W. may proceed under a pseudonym during the pretrial
5  phase of this case. "In cases where the plaintiffs have demonstrated a need for anonymity,
6  the district court should use its powers to manage pretrial proceedings, and to issue
7  protective orders limiting disclosure of the party's name, to preserve the party's anonymity
8  to the greatest extent possible without prejudicing the opposing party's ability to litigate
9  the case." *Advanced Textile Corp.*, 214 F.3d at 1069 (internal citations omitted). Whether
10 this approach will continue at trial will be addressed, if necessary, at a later date, after
11 giving all parties an opportunity to be heard. "[T]he balance between a party's need for
12 anonymity and the interests weighing in favor of open judicial proceedings may change as
13 the litigation progresses." *Id.* Additionally, if Defendants disagree with this initial
14 determination that O.W. may proceed under a pseudonym, they may file a motion
15 challenging it.

16       Dated this 26th day of February, 2025.

Dominic W. Lanza
United States District Judge