**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

O.W.,

Plaintiff,

v.

State of Arizona, et al.,

Defendants.

No. CV-25-00044-PHX-DWL

**ORDER**

Plaintiff O.W., who has been granted permission to proceed under her initials during the pretrial phase of this case (Doc. 21), alleges that she was sexually assaulted by an inmate while working as a civilian kitchen worker in the Rincon Unit of the Arizona State Prison Complex-Tucson.  The defendants named in Plaintiff's operative complaint are the State of Arizona ("the State"), the private entities that employed her, and certain prison officials, but Plaintiff and the entities have now settled.  (Docs. 60, 63.)  Plaintiff asserts federal claims under 42 U.S.C. § 1983 and Title VII as well as three-state law claims against the State—Count Two is a claim for "Intentional Infliction of Emotional Distress," Count Three is a claim for "Negligence/Gross Negligence: Failure to Adequately Staff, Train, Supervise, and Monitor," and Count Four is a claim for "Negligence/Gross Negligence: Vicarious Liability."

Now pending before the Court is the State's motion to dismiss Counts Two, Three, and Four.  (Doc. 53.)  Notably, the motion only seeks relief under Rule 12(b)(1), under the theory that the Court lacks subject-matter jurisdiction over the challenged claims.  (*Id.* at

1.)  In a nutshell, the State's argument is that "[b]ecause the State is Plaintiff's statutory employer, Plaintiff's exclusive remedy against the State for her alleged injuries is through Arizona's workers' compensation scheme." (*Id.*)  Plaintiff opposes the State's motion on a variety of grounds, including that "[t]he worker's compensation issue that the State raises—whether or not it was Plaintiff's statutory employer—has nothing to do with subject matter jurisdiction." (Doc. 56 at 1.)  In reply, the State acknowledges that Plaintiff is "arguably" correct on this point.  (Doc. 61 at 5.)

The State's jurisdictional challenge lacks merit.  Even assuming for the sake of argument that the State qualifies as Plaintiff's "statutory employer"—and, thus, the Arizona Workers' Compensation Act would preclude an Arizona state court from granting relief in relation to Counts Two, Three, and Four—it doesn't follow that this Court lacks subject-matter jurisdiction over those claims.  The Fourth Circuit recently confronted a nearly identical issue and addressed it as follows:

> South Carolina law provides that certain workers' compensation disputes are within the exclusive cognizance of the state Workers' Compensation Commission.  This means that covered employees cannot bring common-law actions, like tort claims, in state courts.  But state law cannot circumscribe federal subject matter jurisdiction.  So when these injured workers arrived in federal court and were met with a motion to dismiss for lack of subject matter jurisdiction, which cited the state law, a procedural mess ensued.  Despite the understandable confusion about the state law's effect on federal jurisdiction, we conclude that the district court erred in dismissing the workers' complaint for lack of subject matter jurisdiction.  We thus vacate that decision and remand for further proceedings.

*Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 492 (4th Cir. 2024).

In reaching this conclusion, the Fourth Circuit "align[ed] [itself] with other courts who have similarly found that state workers' compensation statutes do not deprive federal courts of subject matter jurisdiction," *id.* at 498 n.8, including *Begay v. Kerr-McGee Corp.*, 682 F.2d 1311 (9th Cir. 1982).  In *Begay*, the Ninth Circuit rejected the argument "that the Arizona workers' compensation statutes, by vesting exclusive jurisdiction in the Arizona Industrial Commission, deprive the district court of diversity jurisdiction" and explained

that where "a state denial of the judicial remedy is equivalent to a denial of the substantive right asserted, the plaintiff may not state a claim for relief in either the state or the federal court . . . [b]ut that does not mean, as the companies maintain, that the district court does not have jurisdiction." *Id.* at 1316-17. *See also U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1132-33 (9th Cir. 2011) ("[T]he Employer claims that the district court lacked subject matter jurisdiction because California law vests the State Board alone with jurisdiction to entertain the Insurer's claims. However, in [*Begay*], we rejected the argument that exclusivity provisions in state workers' compensation laws, like those in California's Workers' Compensation Act, could divest federal courts of subject matter jurisdiction . . . . Thus, even if we were to hold that the exclusivity provisions applied, they would not operate to divest the federal court of subject matter jurisdiction.") (footnotes omitted). In light of these authorities, the State's request to dismiss Counts Two, Three, and Four pursuant to Rule 12(b)(1) must be denied.[1]

The State attempts to pivot in its reply, arguing that "if the Court determines that the State's Motion is procedurally improper under Rule 12(b)(1), it should, in its discretion, consider the motion as one for failure to state a claim under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c)." (Doc. 61 at 6.) According to the State, this outcome is "require[d]" as a matter of "the equitable administration of the law." (*Id.* at 5.)

This argument is unavailing. It is hornbook law that "[t]he district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). There are sound reasons for this rule—because "the non-moving party ordinarily has no right to respond to the reply brief," considerations of "litigation fairness and procedure" counsel against providing "the moving party with a new opportunity to present yet another issue for the court's consideration" for the first time in a reply. *Novosteel SA v. U.S., Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002). Those considerations are particularly salient here because the ultimate issue the State seeks

---

[1] To the extent the State has identified decisions by district courts within the Ninth Circuit that appear to deviate from the approach taken in *Begay*, this Court must follow Ninth Circuit law.

to have resolved in its favor—whether it was Plaintiff's "statutory employer at the time of [her] injury"—"is a mixed question of law and fact." *Pruitt v. State*, 571 P.3d 356, 360 (Ariz. Ct. App. 2025). As a result, it appears that courts typically address this issue at summary judgment. Nevertheless, due to the mistaken manner in which the State attempted to raise this issue in its motion, the usual summary judgment briefing process was not followed (and Plaintiff has not been heard on, for example, whether she should be allowed to pursue additional discovery before responding to an early summary judgment motion). *Cf. Shapiro v. Community First Servs., Inc.*, 2013 WL 1122628, *5-6 (E.D.N.Y. 2013) ("[A]s a threshold matter, the Federal Rules of Civil Procedure do not explicitly authorize the conversion of a Rule 12(b)(1) motion into a motion for summary judgment . . . . Notably absent from Rule 12(d) is any mention of, much less authorization for, converting a Rule 12(b)(1) motion into a motion for summary judgment. . . . Second, even if the court were authorized to convert defendants' improper Rule 12(b)(1) motion into one for summary judgment as requested, the court, in its discretion, would decline to do so in this case. It is well established that federal courts have complete discretion in determining whether to convert a motion to one for summary judgment.") (cleaned up). Given the "procedural complexities" at issue here, *Wideman*, 100 F.4th at 498 n.9, the best course of action is to adhere to the usual rule barring a movant from seeking to prevail on a new theory raised for the first time in a reply.

Accordingly,

**IT IS ORDERED** that the State's Rule 12(b)(1) motion to dismiss (Doc. 53) is **denied**.

Dated this 6th day of April, 2026.

_____
Dominic W. Lanza
United States District Judge